Leoncio FLORES, on behalf of his wife Vicenta Flores and their infant child, Martha, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, Defendant.

Civ. No. 134–65.

United States District Court
D. Puerto Rico.

Oct. 21, 1966.

Pedro V. Aguirre, San Juan, P. R., for plaintiff.

Hartzell, Fernandez, & Novas, San Juan, P. R., for defendant.

## MEMORANDUM OF DECISION

CANCIO, District Judge.

This is an action in damages filed by the Plaintiff Leoncio Flores as administrator of the conjugal partnership and in behalf of his wife Vicenta Flores and their infant child Martha Flores. The action is brought against Pan American World Airways as responsible for the alleged tortious conduct of its agents.

Jurisdiction in this Court exists under 28 U.S.C.A. § 1332 by reason of diversity of citizenship for the Plaintiffs are all residents of the State of New York and the Defendant is a Corporation authorized to do business in Puerto Rico and having a principal place of business in this Commonwealth.

On trial before the Court sitting without a jury, it appears that the facts were as follows, and we so find them to be:

On or about July 6, 1964, Plaintiff in this case, Vicenta Flores, in New York City, purchased two airplane tickets of the type of fare known as "thrift flights". These tickets were (1) for a flight originating in New York City and terminating in San Juan, Puerto Rico; and (2) for another flight originating in San Juan, Puerto Rico, and terminating in New York City. On July 18, 1964, two tickets were issued in the name of "Mrs. Vicenta Flores & Inf." They were numbered consecutively 026–195–843–805 and 026–195–843–806. Even so, they are not considered round trip tickets but individual one way tickets. The first was from New York to San Juan and was dated for July 18, 1964; the second was from San Juan to New York and was left "open", although at a later date August 2, 1964 was filled in. Mrs. Flores paid only for her fare, since infants under 24 months may travel at no cost when accompanied by an adult.

On July 18, 1964, Mrs. Vicenta Flores and an infant used the first ticket described above to come from New York to San Juan. At that time, she was not questioned at the airport in New York before boarding the flight as to the age of the infant with her.

On August 2, 1964, Mrs. Vicenta Flores and her infant daughter attempted to board flight 294B from San Juan to New York. While she was at the ticket counter, an agent for Pan American questioned whether or not the infant accompanying her was under two years of age and, therefore, entitled to travel together with her mother on the single ticket adult fare. A discussion then ensued and the agent for Pan American gave Mrs. Flores the following alternative: either produce evidence that the child was under two years of age, or pay half fare for the child and produce evidence later in New York, where this half fare would be refunded if the child was actually under two years of age.

At this point, Mrs. Flores alleges that agent for Pan American took hold of her valise, which was on the weighing platform, and threw it at her, causing her to suffer the damages she is now alleging, to wit: "cutting her knee, tearing her stockings and causing her to fall." Plaintiff further alleges that "as a result of this fall, plaintiff landed on her buttocks, and being a heavy set woman she fell in on ackward [sic] position, exposing parts of her body to strangers that were surrounding her."

Defendant, on the other hand, contends that it is physically impossible for his agent to have thrown the valise in the manner indicated, for the simple reason that the manner in which the counter where he was working and where the weighing platform is located is constructed, only the persons on the client's side can place and remove luggage in that direction. Agent for Pan American's testimony is to the effect that, after the discussion, Mrs. Flores stepped back and tripped over some luggage that was behind her and that this was the cause of the fall.

These occurrences took place at approximately 5:00 P.M. to 5:30 P.M. From that time until 1:30 A.M., when Mrs. Flores was taken to the hospital to have her knee cared for, she remained a good part of the time at the airport, generally at the police precinct which there exists, and the rest of the time looking for and talking to a judge, who found there was no probable cause against the agent for any crime whatsoever.

■ The decision of this case rests squarely on the finding of whether or not the injuries suffered by Mrs. Flores were caused by the actions of the Agent for Pan American. We find that they were not. The accident suffered occurred in the manner which the Agent for Pan American testified and we find that there is no liability on this account. It is true that if the Agent of Pan American would have not questioned the age of the infant, in all probability the accident would not have occurred. But,

had he the right to question this in the manner he did? If he did not, would Pan American be liable for the damages suffered by Mrs. Flores? The answer to these questions are found in the discussion that follows.

Let us consider, then, the further question of whether Pan American is liable in any way for not permitting Mrs. Flores to board the airplane on August 2, 1964, together with her infant daughter, on the basis of the ticket she had in her possession. It is well to note at this point that the infant in question was, on August 2, 1964, twenty-three months of age. It is also well to note at this point that Plaintiff Vicenta Flores and her infant child were permitted to fly to New York using the second ticket on August 3, 1964, without having presented any further evidence as to the age of the child.

■ It has not been questioned at any point that Pan American was acting through its agent when the acts alleged occurred. Thus, Pan American is by law responsible for the obligations which the agent may have incurred within the scope of his authority. 31 L.P.R.A. § 4461.

■ Regarding the question at hand, no air carrier may make any unjust discrimination against any particular person in any respect whatsoever. 49 U.S.C.A. § 1374. And it is clear that where such unjust discrimination occurs, the party injured may recover as against the airline the damages he may have suffered, as well as a compensation for the plain and blatant humiliations pressed upon him. Wills v. Trans World Airlines, Inc., D.C.Cal., 1961, 200 F. Supp. 360.

■ A party in interest may, through his conduct, make admissions as to liability in certain cases, especially where his conduct is inconsistent with his contentions in litigation. Evidence of such conduct may be admitted. Employers Mutual Casualty Co. of Des Moines v. Mosqueda, 5th Cir., 1963, 317 F.2d 609. Was Plaintiff's conduct in this case such an admission? We think not.

■ In denying Plaintiff permission to board the airplane with the infant on the ticket she had on August 2, Agent for Pan American was exercising his discretion under the rules he had been instructed to apply by Pan American. In so doing, he was not obliged nor estopped by the discretion exercised by his predecessor in New York since he had no way of knowing whether the infant in question was the same one or not or, furthermore, whether the one who made the mistake was the New York agent. The difference between a twenty-three month old infant and a twenty-four month old infant seems to be a rather difficult thing to judge on sight.

■ Nevertheless, the next day Pan American allowed Mrs. Flores and the infant to fly to New York on the same ticket they had refused the day before. This action by Pan American is certainly inconsistent with its actions of the previous day. Yet, it is the opinion of this Court that said action is not tantamount to an admission of liability for the actions of the previous day. Many a reason could have existed for this change in attitude, among them, the intervention of other officials and the fear of a court case such as this.

Thus we are left with a final question as to whether or not the refusal of August 2 to process the ticket was an unjust discrimination against Mrs. Flores or her infant. The Court considers that it was not.

■ There has been no showing in the evidence that there was any attempt or reason to discriminate against the Plaintiff. There is no showing that there was in fact such a discrimination. The only showing is to the effect that there was some question as to an issue of fact (namely the age of the child) and that Mrs. Flores was asked to either produce some evidence as to the child's age here in San Juan, or to pay the half fare on the infant and produce the evidence later in New York, where the money would be returned. This, of itself, is not indicative of any discrimination. On the contrary, these proposals were reasonable. Therefore, the Court finds that there was no discrimination in fact evidenced by the conduct of Pan American's Agent.

In view of the foregoing, it is hereby ordered, adjudged and decreed that judgment be entered in favor of Defendant Pan American World Airways, exonerating them from any liability in the instant controversy.