Ella FITZGERALD, John Lewis, Georgi-
ana Henry and Norman Granz,
Appellants,

v.

PAN AMERICAN WORLD AIRWAYS,
Inc., Appellee.

No. 234, Docket 23850.

United States Court of Appeals
Second Circuit.

Argued Jan. 12, 1956.

Decided Jan. 26, 1956.

Bergerman & Hourwich, New York City (Joseph Calderon, New York City, of counsel), for appellants.

Haight, Gardner, Poor & Havens, New York City (Douglas B. Bowring, New York City, of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

FRANK, Circuit Judge.

■■ Section 622(a) makes it a federal crime to violate, *inter alia*, Section

484(b). The latter section is for the benefit of persons, including passengers, using the facilities of air carriers. Consequently, by implication, its violation creates an actionable civil right for the vindication of which a civil action may be maintained by any such person who has been harmed by the violation. As we said in Reitmeister v. Reitmeister, 2 Cir., 162 F.2d 691, 694: "Although the Act does not expressly create any civil liability, we can see no reason why the situation is not within the doctrine which, in the absence of contrary implications, construes a criminal statute, enacted for the protection of a specified class, as creating a civil right in members of the class, although the only express sanctions are criminal." See also Fischman v. Raytheon Mfg. Co., 2 Cir., 188 F.2d 783, 787; Goldstein v. Groesbeck, 2 Cir., 142 F.2d 422, 427, 154 A.L. R. 1285; Restatement of Torts, Section 286; Morris, The Relation of Criminal Statutes to Tort Liability, 46 Harv.L. Rev. (1933) 453; Lowndes, Civil Liability Created by Criminal Legislation, 16 Minn.L.Rev. (1932) 361.

Defendant, however, argues that Section 484(b) merely states the common-law rule existing in all states and territories, and, therefore, especially as Section 676 preserves all remedies at common law, there is here no basis for federal jurisdiction, absent diversity of citizenship, i. e., that this is not a case "arising under" a "federal law." In support of this argument, defendant relies chiefly on cases involving the Safety Appliance Act, 45 U.S.C.A. § 1 et seq.[1] Those cases hold that that legislation did not create a right but merely imposed a higher standard of care in suits based upon a state common-law right.[2]

■ That is not true of the Act here involved. We think it created a

**1.** See, e. g., Moore v. Chesapeake & O. R. Co., 291 U.S. 205, 214–215, 54 S.Ct. 402, 78 L.Ed. 755; Gilvary v. Cuyahoga Valley R. Co., 292 U.S. 57, 61–62, 54 S.Ct. 573, 78 L.Ed. 1123; Tipton v. Atchison, T. & S. F. R. Co., 298 U.S. 141, 147, 148, 56 S.Ct. 715, 80 L.Ed. 1091; Pennsylvania R. Co. v. Puritan Coal Mining Co., 237 U.S. 121, 35 S.Ct. 484, 59 L.Ed. 867.

**2.** See Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 206 F.2d 153, affirmed 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067.

new federal right.[3] Although a right created by a federal statute covers the same ground as a right already existing under the common law of the states and territories, a suit based on that federal statute is one "arising under" a law of the United States, so that a federal district court has jurisdiction under 28 U.S.C. § 1331.[4] See, e. g., Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 213, 65 S.Ct. 235, 89 L.Ed. 187; Reitmeister v. Reitmeister, 2 Cir., 162 F.2d 691, 694; Note, 48 Col.L.Rev. (1948) 1090. No federal common law of torts exists; when Congress enacts legislation rendering it tortious to do what is already a state common-law tort, a suit based on that legislation is within 28 U.S.C. § 1331.[5]

■■ Although we regard it as not controlling, we note also the following: Congress sought uniformity in the practices of those subject to this Act. It is by no means clear that, in all states and territories, the common-law rules would render unlawful racial differentiations in accord with the "separate but equal doctrine," [5a] whereas, in the light of recent Supreme Court decisions,[6] we must construe Section 484(b) so that that doctrine will not apply.

Defendant also contends that the sole non-criminal federal remedy for a violation of any provisions of the Act is to be found in Section 642, i. e., a complaint to the Civil Aeronautics Board which must investigate the complaint and, if the facts warrant, must issue an order compelling compliance with the violated provisions of the Act. We cannot agree. As such an order must look to the future, obviously it cannot afford redress to one harmed by a violation of Section 484(b). For, whatever may be true of the flight of a plane, undeniably (outside of fiction or "pure" physics) the flight of time—despite the poet Hood's earnest prayer—is always, alas for us mortals, irreversible. Indeed, Aristotle remarked that "Agathon is right in saying, 'For this alone is lacking even to God, To make undone things that have once been done.'"[7] At any rate, no order of the Board can compel the defendant in 1956 to permit the plaintiffs to board defendant's plane on July 19, 1954.

■ This is not a case where the Board has "exclusive primary jurisdiction": (1) The Civil Aeronautics Act, unlike the Interstate Commerce Act[8] or the Shipping Act,[9] confers no power on the administrative agency to grant reparation in money for past misconduct of the carrier. (2) The Board has no power to approve violations of Section 484 (b). (3) Nor has it purported to do so.[10]

Reversed and remanded.

3. See, e. g., Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Reitmeister v. Reitmeister, 2 Cir., 162 F.2d 691; Roosevelt Field v. Town of North Hempstead, D.C., 84 F.Supp. 456, 459; Neiswonger v. Goodyear Tire & Rubber Co., D.C., 35 F. 2d 761, 763.

4. See also 28 U.S.C. § 1337.

5. Or Section 1337, if, as here, the statute regulates interstate commerce. The effect of 49 U.S.C.A. § 676 is to avoid the contention that the provisions of the Act nullify rights under state laws.

5a See, e. g., Brumfield v. Consolidated Coach Corp., 240 Ky. 1, 40 S.W.2d 356; Day v. Owen, 5 Mich. 520.

6. Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083; Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302.

7. Nicomachean Ethics, 1139b, 10–11.

8. 49 U.S.C.A. §§ 9, 13(1).

9. 46 U.S.C.A. § 821.

10. Lichten v. Eastern Airlines, 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337 is inapposite. There it was held that, in effect, the Board had approved the carrier's rule exempting it from liability for loss of jewelry. Herman v. Northwest Airlines, 2 Cir., 222 F.2d 326 is similar.