George B. **ARCHIBALD** and Remedios Arceo Archibald, Plaintiffs-Appellants,

v.

**PAN AMERICAN WORLD AIRWAYS, INC.,** Defendant-Appellee.

No. 71–1535.

United States Court of Appeals, Ninth Circuit.

May 12, 1972.

Howard G. Trapp (argued) of Trapp & Gayle, Agana, Guam, Robert E. Cartwright, San Francisco, Cal., for plaintiffs-appellants.

Walter S. Ferenz (argued), Thomas J. Nolan, of Barrett, Ferenz & Bramhall, Agana, Guam, for defendant-appellee.

Before BROWNING, WRIGHT and CHOY, Circuit Judges.

CHOY, Circuit Judge.

Mr. and Mrs. George B. Archibald appeal a district court order directing a verdict for Pan American World Airways, Inc. (Pan Am). The District Court found that the Archibalds had failed to present a prima facie case of undue or unreasonable preference or unjust discrimination in violation of 49 U.S.C. § 1374(b). We reverse and remand.

On August 2, 1968, the Archibalds made two economy reservations for Pan Am's Flight 801 on August 6 from Tokyo to Guam. Pan Am accepted and confirmed the reservations, and told the Archibalds no further confirmation was necessary. On August 6, the Archibalds checked in at the airport nearly an hour early, and received seat assignments. When they attempted to board the plane, however, they and 28 other passengers were asked to step aside. Many of these passengers eventually enplaned, but the Archibalds and a dozen others did not. Three passengers who did go aboard made their reservations after the Archibalds had made theirs.

Pan Am then told the remaining passengers that the flight had been oversold, and that they would not be able to go. The airline provided hotel accommodations for the bumped passengers, tendered a voucher for payment of denied boarding compensation which Mr. Archibald did not cash, and put the Archibalds on the next available flight to Guam.

49 U.S.C. § 1374(b) reads, in pertinent part:

"No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person . . . in any respect whatsoever or subject any particular person . . . to any unjust discrimination or any undue

or unreasonable prejudice or disadvantage in any respect whatsoever." This section creates a private federal cause of action for unreasonable preferences and unjust discrimination.* Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499 (2nd Cir. 1956). An injunction against prospective or continuing discrimination is usually refused out of deference to administrative remedies before the Civil Aeronautics Board. Mortimer v. Delta Air Lines, 302 F.Supp. 276, 282 (N.D.Ill., 1969); Wills v. Trans World Airlines, Inc., 200 F. Supp. 360, 366 (S.D.Cal., 1961). However, purely nominal compensatory damages are available, including an award for humiliation and hurt feelings when the facts warrant, and the extent and nature of the affront are established. Flores v. Pan American World Airways, Inc., 259 F.Supp. 402, 404 (D.P.R., 1966). See Wills, supra, 200 F.Supp. at 366–367, in which the plaintiff received $1.54 for pecuniary loss and $5,000 in punitive damages. Punitive damages over and above actual injury are awardable if the defendant acted "wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." Wills, supra, at 367–368.

■ Decisional law has not yet clearly established what constitutes a prima facie case under § 1374(b). Actual discrimination or preference must be shown. Flores, supra. Other elements of a plaintiff's case are found in the three reported decisions involving passengers with reservations who were not allowed to board planes. In Mortimer, an economy passenger was bumped to make room for a first class passenger. While its opinion dealt with jurisdictional issues, the court commented, "In order to succeed in an action under this section, it must be alleged, as it is here, and proven that the plaintiff's right to fair, equal and nondiscriminatory treatment has been violated." 302 F.Supp. at 281.

In Wills, an economy passenger was sacrificed in favor of a first class passenger with a later reservation in direct violation of the airline's own bumping policy. The court held that the plaintiff was "entitled to priority in flight accommodations over all passengers who had made later reservations than he and yet were permitted to board the flight. . . . By disregarding plaintiff's priority, the defendant airline unjustly and unreasonably discriminated against him, and thus violated the Act." 200 F. Supp. at 365. And in Stough v. North Central Airlines, Inc., 55 Ill.App.2d 338, 204 N.E.2d 792 (1965), the court affirmed a jury verdict that the airline had not discriminated against two passengers with reserved seats who (in accordance with company safety regulations) were not allowed to board a plane which departed with empty seats.

■ These three cases demonstrate that while overselling does not per se give rise to a § 1374(b) action, substantial overselling is evidence of malice to be considered in assessing punitive damages. See Wills, supra, 200 F.Supp. at 367–368. Some overselling is an economic necessity for an airline in view of inevitable cancellations and no-shows. However, when a flight is thus oversold, the airline must fill the plane in a reasonable and just manner. Stough and Wills indicate that bumping which is outwardly discriminatory or preferential may be legitimated by proof that the airline adhered to its established policy and that the policy is reasonable. This policy is within the peculiar knowledge of the airline, which is most able to present evidence justifying the selection of one passenger over another. The passenger cannot reasonably be expected to

---

* This private right of action does not conflict with the Civil Aeronautics Board regulations in 14 C.F.R. Part 250. Where, as here, the airline has tendered a voucher for payment of denied boarding compensation, and the passenger has declined to accept it, an action for undue discrimination is not barred by the contractual remedies provided by the regulations. Mortimer v. Delta Air Lines, 302 F.Supp. 276, 280–282 (N.D.Ill.1969).

divine at the gate, or discover later, what the airline's policy is and whether it has been obeyed. The passenger is able to prove that he possessed a confirmed reservation and a resultant right to a seat, and that this priority was not honored. This suffices to establish that a preference or discrimination has occurred. It is not unreasonable then to place upon the airline the burden of proving that the discrimination or preference was reasonable by demonstrating company policy and why, in each particular case, one passenger was chosen over another.

■ The Archibalds proved that they had a priority right to an economy seat because they held confirmed reservations on Flight 801, and that Pan Am allowed three passengers with later reservations to board the plane. With this, they established a prima facie case that Pan Am had unjustly and unreasonably discriminated against them. Since Pan Am had not demonstrated, if it could, the reasonableness of its preference of the three passengers over the Archibalds, a directed verdict for the airline was inappropriate at that stage of the trial.

Reversed and remanded.