Joyce KARP, Plaintiff,

v.

NORTH CENTRAL AIRLINES, INC., Defendant and Third-Party Plaintiff,

v.

MARSILJE TRAVEL ASSOCIATES, INC., Third-Party Defendant.

No. 73-C-577.

United States District Court, E. D. Wisconsin.

Sept. 9, 1977.

Roger Pettit, Hausmann, McNally & Hupy, Milwaukee, Wis., for plaintiff.

Amory O. Moore, Hayes & Hayes, Milwaukee, Wis., for Marsilje.

Robert A. Christensen, Foley & Lardner, Milwaukee, Wis., for North Central Airlines.

## DECISION AND ORDER

WARREN, District Judge.

The plaintiff, Joyce Karp, brought this suit against the defendant, North Central Airlines, Inc. (North Central) alleging unjust discrimination in violation of section 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. § 1374(b) 1970. Plaintiff seeks actual and punitive damages against the airline. The defendant North Central denied plaintiff's charges and filed a third-party complaint against Marsilje Travel Associates, Inc. (Marsilje), an independent travel agent, alleging that its inability to accommodate the plaintiff was proximately caused by the third-party defendant's negligence in failing to accurately report the issuance of tickets to an independent party of four.

The facts that give rise to this cause of action are as follows. On March 17, 1973, the plaintiff purchased two airline tickets from the defendant for herself and her two infant children for the purpose of traveling from Milwaukee, Wisconsin to Lansing, Michigan. Plaintiff's two children were 10 months and 21 months old at the time. Plaintiff obtained a confirmed reservation for two seats—the younger child was to be held on her lap—for flight 982 departing at 5:35 P.M. on April 4, 1973. The plaintiff arrived at the point of departure, General Billy Mitchell Field, approximately forty-five (45) minutes prior to departure time and checked in at the boarding gate approximately fifteen (15) minutes prior to the scheduled departure. When she presented

herself for boarding, she was told there was only one remaining available seat on the airplane.

Plaintiff testified that she informed the ticket agent that her younger child had recently undergone surgery in Milwaukee and needed to return home to Michigan with as little delay and confusion as possible. Despite repeated demands by the plaintiff and her father, who had accompanied her to the airport, defendant's agents refused to allow the plaintiff and her children to board.

The North Central agent offered to book the plaintiff and her children on either of two later flights that evening. The plaintiff refused these alternatives because the one flight at 6:30 P.M. involved a change of planes and the defendant's agent would not guarantee assistance to the plaintiff and her minor children and baggage. The flight at 9:00 P.M. was too late for the children. Denied boarding compensation was tendered to the plaintiff but was refused. The airplane left the ramp but had to be called back so that the plaintiff's baggage and her child's medication could be unloaded. The airplane ultimately left with one empty seat on board.

Subsequently, it was discovered that the reason the plaintiff was denied boarding was that four persons holding confirmed tickets were not on the passenger list for that flight due to an error made by Marsilje Travel Associates, Inc. An employee of Marsilje had issued the confirmed reservation ticket for the party of four but had typed the wrong flight date into the reservations terminal. As a result, the April 4 flight was oversold, i. e., there were more passengers holding confirmed tickets for that flight who presented themselves for boarding than could be accommodated on that flight. The defendant acknowledged that some of its flights had been oversold in the past.

The plaintiff's cause of action is predicated upon section 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. § 1374(b) 1970. This section provides in pertinent part:

No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person . . . in any respect whatsoever or subject any particular person . . . to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

■ Although the Act does not provide for private enforcement of this section, it is well-settled that a private damage action is available to remedy violations of this provision. *Archibald v. Pan American World Airways, Inc.*, 460 F.2d 14 (9th Cir. 1972); *Fitzgerald v. Pan American World Airways, Inc.*, 229 F.2d 499 (2d Cir. 1956).

■ In *Archibald*, the Court held that the practice of overselling does not per se give rise to a § 1374(b) action. The Court recognized that some overselling is an economic necessity for an airline in light of inevitable cancellations and the no-show problem. Similarly, in *Nader v. Allegheny Airlines, Inc.*, 167 U.S.App.D.C. 350, 512 F.2d 527 (1975), reversed and remanded on other grounds, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), the Court held that overbooking per se is not a violation of § 1374(b). This Court agrees with that conclusion.

Because the determination of which passengers will be denied boarding presents a possibility of discriminatory conduct, each carrier is required by Civil Aeronautics Board regulations, specifically 14 C.F.R. § 250.3, to establish and utilize nondiscriminatory priority rules in making this decision. 14 C.F.R. § 250.3 provides:

Every carrier shall establish priority rules and criteria for determining which passengers holding confirmed reserved space shall be denied boarding on an oversold flight. Every carrier shall file with the Chief, Passenger and Cargo Rates Division, Bureau of Economics, two copies of such rules and criteria, including that portion of its company manual instructing employees on the order of boarding priorities in case of an oversold flight. Such rules and criteria shall not

make, give or cause any undue or unreasonable preference or advantage to any particular person or subject any particular person to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

■ The two elements of a cause of action with respect to overbooking are that the plaintiff possessed a designated priority and that the carrier boarded persons with a lower priority. *Nader v. Allegheny Airlines, Inc., supra.* Generally the plaintiff has the burden of persuasion on each element but, under special circumstances, the burden will be shifted where the information necessary to prove or disprove an element is particularly within the defendant's knowledge. *Campbell v. United States,* 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961).

■ The defendant airline had particular knowledge of its own priority rules. This Court therefore believes that the burden of proving its priority rules and its compliance with these rules shifts to the defendant after the plaintiff proves the airline failed to honor her priority, *accord, Nader v. Allegheny Airlines, Inc., supra; Archibald v. Pan American World Airways, Inc., supra.*

■ In this case, the plaintiff, Mrs. Karp held a confirmed reservation on flight 982. She had complied with the airline's pre-boarding conditions and was entitled to a seat. North Central, though, failed to prove its adherence to its priority rules in boarding flight 982.

Although the defendant airline filed its priority rules as required by the Board, North Central's Traffic Administration manager testified that the airline did not follow these rules and had, in fact, not followed them in oversold situations. Rather, when an airplane was oversold, the airline followed a "first come, first served rule." The priority rules were generally applied to situations where the government requisitioned space. He further testified that these priorities, used in reverse order, served as a guide to agents in a voluntary deplanement situation. Thus the defendant's agent admitted that the filed priority rules were not followed.

The defendants failed to meet their burden or proving compliance with their priority rules. This Court, therefore, finds that the defendant North Central unjustly discriminated against the plaintiff in violation of § 1374(b).

With regard to the issues of damages, plaintiff seeks a total of $10,000 in actual and punitive damages. The parties stipulated to actual damages in the amount of $3.00.

■ Punitive damages are awarded to punish a defendant for his outrageous conduct and to deter the defendant and others from continuing such conduct. *See, e. g., Williams v. City of New York,* 508 F.2d 356 (2d Cir. 1974). These damages may be granted if the defendant acted "wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." *Wills v. Trans World Airlines, Inc.,* 200 F.Supp. 360 (S.D. Calif.1961). Mere inadvertence or even gross negligence will not support an award of punitive damages. *Nader v. Allegheny Airlines, Inc., supra.*

Punitive damages have been awarded in airline discrimination cases where the defendant's conduct so warranted this award. *See, e. g., Smith v. Piedmont Aviation, Inc.,* 412 F.Supp. 641 (N.D.Tex.1976); *Wills v. Trans World Airlines, Inc., supra.*

In *Smith,* the plaintiff was "bumped" from an oversold flight along with seven other confirmed reserved ticket holders. An agent for the defendant airline refused to remove plaintiff's baggage from the plane even though the plaintiff told the agent that he had to be at a wedding rehearsal that evening. The agent also insulted and rudely treated the plaintiff. The Court found that the airline boarded passengers on the flight on a first come, first served basis in violation of its priority rules. Punitive damages in the amount of $1,500.00 were awarded.

In *Wills,* an economy class passenger was denied a seat so that all the first class passengers could be accommodated. The

airline also told the plaintiff he had not followed the required procedures for reconfirming his reservation and therefore was being bumped. In fact, the plaintiff had twice reconfirmed his reservation but the airline's agents made no attempt to verify this. On the basis of all this, that Court found that the defendant airline exhibited "an 'entire want of care' for the right of plaintiff to travel aboard defendant's aircraft without unreasonable discrimination." 200 F.Supp. at 367. Punitive damages of $5,000.00 were awarded.

In the present case, the ticket agent offered the plaintiff alternative flights and retrieved her baggage from the departing airplane. The agent testified he was following established airline procedure. Accordingly, the Court cannot impute any wanton or evil motive to the agent. The defendant airline, on the other hand, instructed its agents to determine boarding priority on a first come, first served basis, knowing this was a violation of its own priority rules. This conduct was a wanton disregard of the plaintiff's rights, and constituted a violation of 49 U.S.C. § 1374(b).

■ The defendant airline has filed a third-party complaint alleging that the negligence of the third-party defendant, Marsilje Travel Associates, Inc., was the sole proximate cause of the events which lead to denial of boarding to the plaintiff.

The Court believes there is no need to make a finding regarding the negligence of the third-party defendant. Admittedly the actions of the third-party defendant caused North Central's flight number 982 to be oversold on April 4, 1973. But as this Court noted, overselling does not per se give rise to a § 1374(b) action. What made the defendant liable in this case was not that the flight was oversold, but rather that, when it became known that the flight was oversold, the defendant airline did not follow its filed priority rules. These priority rules were designed to be used in just this type of situation. Defendant airline failed to follow these rules and this failure resulted in a violation of § 1374(b).

Therefore this Court finds that the defendant's conduct in unreasonably discriminating against the plaintiff and in failing to follow its own boarding priority rules warrants an award of actual damages in the amount of $3.00 and punitive damages in the amount of $2,000.00. Because the defendant's own conduct resulted in a violation of § 1374(b), the third-party complaint against Marsilje Travel Associates, Inc. must be and is hereby dismissed.

So ordered this 9th day of September, 1977 at Milwaukee, Wisconsin.