Joyce KARP, Plaintiff-Appellee,

v.

NORTH CENTRAL AIR LINES, INC., Defendant, Third-Party Plaintiff-Appellant,

v.

MARSILJE AGENCY, INC., Third-Party Defendant-Appellee.

No. 77–2078.

United States Court of Appeals, Seventh Circuit.

Heard April 10, 1978.

Decided Aug. 31, 1978.

Robert A. Christensen, Milwaukee, Wis., for defendant, third-party plaintiff-appellant.

Roger L. Pettit, Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS and WOOD, Circuit Judges, and SOLOMON, Senior District Judge.*

PER CURIAM.

This appeal involves the question whether an airline's failure to follow its own filed priority rules in bumping a passenger unjustly discriminated against the passenger in violation of Section 404(b) of the Federal Aviation Act (49 U.S.C. § 1374(b)).[1] The district court so held and awarded the plaintiff passenger $3.00 in actual damages and $2,000 in punitive damages. We affirm with respect to the actual damages and reverse as to the punitive damages.

The facts are found in the district court's decision and order which are reported in 437 F.Supp. 87 (D.C.1977). The court found that on March 17, 1973, plaintiff purchased two airline tickets for herself and her 10-month and 21-month-old children to travel from Milwaukee, Wisconsin, to Lansing, Michigan. The younger child was to be held on plaintiff's lap. She obtained a confirmed reservation for two seats for defendant's flight 982 departing at 5:35 p. m. on April 4.

Plaintiff arrived at Gen. Billy Mitchell Field in Milwaukee 45 minutes prior to departure time and checked in at the boarding gate 15 minutes prior thereto. She was then told that there was only one remaining available seat on the airplane. Plaintiff explained to defendant's ticket agent that she needed to return to Michigan on that flight because her 10-month-old child had recently undergone surgery in Milwaukee and needed to return home as quickly and easily as possible. The North Central agent thereupon tendered denied boarding compensation to plaintiff and offered to book her and her children on a 6:30 p. m. or 9:00 p. m. flight. Plaintiff refused these alternatives, stating why they were not feasible. Subsequently it was discovered that plaintiff was denied boarding because this April 4 flight was oversold due to an error of Marsilje Travel Associates, Inc.[2]

In the opinion below, the district court held that it is well settled that a private damage action is available to remedy violations of Section 404(b) of the Federal Avia-

---

* The Honorable Gus J. Solomon, Senior Judge of the District of Oregon, is sitting by designation.

1. Section 404(b) of the Federal Aviation Act provides:

"No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

2. Defendant airline filed a third-party complaint against Marsilje based on its negligence. However, the district court dismissed the third-party complaint against Marsilje, holding that only defendant airline had violated Section 404(b) of the Federal Aviation Act. See 437 F.Supp. at 91. This dismissal is not challenged by defendant airline.

tion Act.[3] Citing *Archibald, supra* n. 3, and *Nader v. Allegheny Airlines, Inc.*, 167 U.S. App.D.C. 350, 512 F.2d 527 (1975), reversed on other grounds, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643, the district court ruled that overbooking is not a *per se* violation of Section 404(b). However, the court noted that unchallenged Civil Aeronautics Board regulations require air carriers to file with it "priority rules and criteria for determining which passengers holding confirmed reserved space shall be denied boarding on an oversold flight" (14 C.F.R. § 250.3).[4] The defendant airline had filed such priority rules but instead of following them, it followed a first come, first served rule in oversold situations. Since it failed to comply with its filed priority rules, the court held that defendant airline had unjustly discriminated against plaintiff in violation of Section 404(b) of the Federal Aviation Act and therefore awarded plaintiff stipulated actual damages of $3.00 (437 F.Supp. at 90). The district court also awarded plaintiff $2,000 in punitive damages because of defendant's "wanton instruction" to its agents to determine boarding priority on a first come, first served basis instead of following its filed priority rules (437 F.Supp. at 91).

■ We agree with the district court that defendant's failure to follow its filed priority rules under the circumstances of this case did violate Section 404(b) of the Federal Aviation Act. A failure to follow

filed priority rules gives an "undue or unreasonable preference or advantage" to unbumped passengers and subjects bumped passengers to an "unjust discrimination or any undue or unreasonable prejudice or disadvantage" under that provision. *Nader v. Allegheny Airlines, Inc., supra*, 167 U.S. App.D.C. at 361, 512 F.2d at 538; *Smith v. Piedmont Aviation, Inc.*, 567 F.2d 290, 292 (5th Cir. 1977); see also *Wills v. Trans World Airlines, Inc.*, 200 F.Supp. 360 (S.D. Cal.1961).[5] To hold otherwise would make the filing requirement pointless and would permit airlines to escape liability if they adhered to unfiled, undisclosed uniform priority rules that were without Board approval.

■ We cannot sustain the punitive damages awarded to plaintiff because "the reason the plaintiff was denied boarding was that four persons holding confirmed tickets were not on the passenger list for that flight due to an error made by Marsilje Travel Associates, Inc." 437 F.Supp. at 89. Defendant's action in bumping plaintiff was in conformity with its usual first come, first served rule. Although that rule had not then been filed with the Civil Aeronautics Board, plaintiff has not shown that defendant's failure to file such a rule with the Board was wanton, oppressive or malicious, as required in order to support punitive damages. *Smith v. Piedmont Aviation, Inc., supra*[6]; see *Nader v. Allegheny Air-*

3. In support of this proposition, the district court cited *Archibald v. Pan American World Airways, Inc.*, 460 F.2d 14 (9th Cir. 1972), and *Fitzgerald v. Pan American World Airways*, 229 F.2d 499 (2d Cir. 1956). Defendant does not challenge this proposition.

4. On May 30, 1978, the Civil Aeronautics Board proposed new rules pertaining to denied boarding procedures, effective September 3, 1978. 43 Federal Register 248277–248285. Since these regulations were not in effect at the time of the trial, they are not germane to this appeal.

5. In *Stough v. North Central Airlines, Inc.*, 55 Ill.App.2d 338, 345, 204 N.E.2d 792 (1st Dist. 1965), on which plaintiff relies, the Stoughs did not show that the airlines had departed from filed priority rules, nor was an oversold plane involved.

6. *Smith v. Piedmont Aviation, Inc.*, 412 F.Supp. 641 (N.D.Tex.1976), relied upon by the district court for the proposition that punitive damages could be based on a failure to follow written priority rules, was reversed as to punitive damages by the Fifth Circuit. 567 F.2d at 292. A failure to follow priority rules, while constituting a technical violation of the statute's requirements as interpreted by the Board, is not an act "aggravated by evil motive, actual malice, deliberate violence or oppression" (*Nader v. Allegheny Airlines, Inc., supra*, 167 U.S.App. D.C. at 372, 512 F.2d at 549, quoting *Black v. Sheraton Corp. of America*, 47 F.R.D. 263, 271 (D.D.C.1969)), at least when the unwritten rule that is being followed does not invidiously discriminate against the plaintiff. Plaintiff's argument that a first come, first served rule in practice discriminates against the infirm is unpersuasive on this record because it assumes

*lines, Inc., supra,* 167 U.S.App.D.C. at 372–374, 512 F.2d at 549–551; *Wills v. Trans World Airlines, Inc., supra,* 200 F.Supp. at 367–368.

The district court's judgment is affirmed with respect to actual damages; its judgment is reversed as to punitive damages.

without support that such passengers do not recognize the many problems they can encounter at airports and therefore depart for the airport earlier than other passengers. On this record it could just as easily be assumed that a first come, first served rule would help the infirm; therefore there is no proof that application of such a rule constitutes invidious discrimination.