Colleen MAHANEY, Plaintiff,

v.

AIR FRANCE, Defendant.

No. 77 Civ. 6109.

United States District Court,
S. D. New York.

June 28, 1979.

Myles C. Cunningham, Cunningham & Bochis, New York City, for plaintiff.

John Maccrate, III, Bigham, Englar, Jones & Houston, New York City, for defendant.

PIERCE, District Judge.

## OPINION AND ORDER

Plaintiff Colleen Mahaney brings this action claiming that she was denied access to an airline flight operated by defendant Air France between New York and Puerto Vallarta, Mexico, despite the fact that she held a confirmed reservation. She alleges that this "bumping" by the airline violated section 404(b) of the Federal Aviation Act (49 U.S.C. § 1374(b) (1976))[1] ("Act") and seeks compensatory damages of $50 and punitive damages of $250,000.

Her complaint charges that her vacation departure was delayed 24 hours; she was subjected to harsh treatment by Air France employees; and she was denied boarding "to make room for the President of Aeriospatile, a major French aircraft producer and for the Executive Vice President of Club Mediterranee in New York and their parties." (Complaint ¶¶ 10, 11 & 12). She concludes that the defendant overbooked the flight without informing her, gave "an undue or unreasonable preference to others" and subjected her to "unjust discrimination" in violation of the Act.

The complaint was filed on December 15, 1977; the alleged incident occurred on December 20, 1974.

While the defendant admits that Mahaney was denied access to the flight, it moves to dismiss on the ground that the two year statute of limitations under the Warsaw Convention[2] bars the action. Plaintiff cross-moves for summary judgment contending that the defendant's admission of the "bumping" incident establishes a prima facie violation of the Act.

*Statute of Limitations*

Defendant contends that the present action is governed by the Warsaw Convention which contains a two year statute of limitations.[3] Article 19 of the Convention states that: "The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods." Article 24(1) of the Convention provides some exclusivity of remedy as follows: "In the cases covered by articles 18 and 19 any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention."

Defendant argues that "bumping" falls within the scope of Article 19 since it constitutes a "delay in the transportation by air of passengers." Defendant further contends that even though plaintiff may "found" her action on discrimination, it is

---

1. Section 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b) (1976) provides:

   "No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person . . . or subject any particular person . . . to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

2. The official title of the Warsaw Convention is The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, 49 U.S.C. § 1502 note (1976). Article 1 of the Convention defines international transportation as "any transpor-

   tation in which . . . the place of departure and the place of destination . . . are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party . . ." Both the United States and Mexico are parties to the Convention.

3. Article 29(1) of the Warsaw Convention provides:

   "The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

nevertheless occasioned by delay and therefore is governed by the Warsaw Convention with its two year statute of limitations.

■ It has been recognized that the Warsaw Convention establishes a uniform system of liability rules to govern the fundamental aspects of international air disaster litigation.[4] See *Benjamins v. British European Airways,* 572 F.2d 913, 917–18 (2d Cir. 1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Reed v. Wiser,* 555 F.2d 1079, 1092 (2d Cir.), *cert. denied,* 434 U.S. 922, 98 S.Ct. 399, 54 L.Ed.2d 279 (1977). However, it has also been held that the Convention does not " 'exclusively regulate' the relationship between passenger and carrier on an international flight." *Husserl v. Swiss Air Transport Co.,* 351 F.Supp. 702, 706 (S.D.N.Y.1972), *aff'd per curiam,* 485 F.2d 1240 (2d Cir. 1973).[5] The Convention may set the limits on a carrier's liability in actions involving certain aspects of that relationship, *id.,*[6] and may establish a cause of action, *Benjamins v. British European Airways,* 572 F.2d 913, 919 (2d Cir. 1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979).

■ The Court agrees with defendant that if plaintiff were to claim damages based solely on any delay she experienced, the complaint would be barred by the two year statute of limitations. In this context, plaintiff's complaint states: *"As a result of the late arrival,* plaintiff was required to arrange her own land transportation . . by renting a van for $50 . . . ." (Complaint ¶ 10) (emphasis added). To the extent that plaintiff seeks to recover from defendant for the costs of renting a van, she is time-barred from asserting and proving that claim at trial.

■ However, plaintiff's complaint does not only assert damages "occasioned by delay," plaintiff also alleges that she "was subjected to harsh treatment by Air France employees" (Complaint ¶ 12), and was "subjected . . . to unjust discrimination or undue or unreasonable preference or disadvantage," (Complaint ¶ 13). It is settled that section 404(b) of the Federal Aviation Act provides a private cause of action for bumping in a discriminatory fashion.[7] See

4. "It cannot be doubted, therefore, that the Warsaw Convention now functions to protect the passenger from the many present-day hazards of air travel and also spreads the accident cost of air transportation among all passengers. . . . This is amply demonstrated by the imposition of absolute liability and the establishment of greatly increased limits of liability." *Day v. Trans World Airlines, Inc.,* 528 F.2d 31, 36–37 (2d Cir. 1975), *cert. denied,* 429 U.S. 890, 97 S.Ct. 246, 50 L.Ed.2d 172 (1976).

5. See discussion in Note, *The Warsaw Convention—Does It Create a Cause of Action?,* 47 Fordham L.Rev. 366, 381–82 (1978).

6. It is noted that the court in *Husserl v. Swiss Air Transport Co.,* 351 F.Supp. 702 (S.D.N.Y. 1972), *aff'd per curiam,* 485 F.2d 1240 (2d Cir. 1973), relied to a substantial degree on the Second Circuit's decisions in *Noel v. Linea Aeropostal Venezolana,* 247 F.2d 677 (2d Cir.), *cert. denied,* 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957) and *Komlos v. Compagnie Nationale Air France,* 209 F.2d 436 (2d Cir. 1953), *cert. denied,* 348 U.S. 820, 75 S.Ct. 31, 99 L.Ed. 646 (1954), which held that the Warsaw Convention did not create a federal cause of action. In *Benjamins v. British European Airways,* 572 F.2d 913 (2d Cir. 1978), *cert. denied,* 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979), the Second Circuit reversed its holdings

in *Noel* and *Komlos* and found that the Convention "is also the universal source of a right of action." *Id.* at 919. The Second Circuit's rationale was that "uniformity of development can better be achieved by making federal as well as state courts accessible to Convention litigation." *Id.* This rationale is not subverted by the Court's holding in the instant case.

7. Without explaining why or citing any supporting authority, defendant states that "There is a question as to whether Air France can be subject to the cited section of the Federal Aviation Act." The Court notes that in *Archibald v. Pan American World Airways, Inc.,* 460 F.2d 14 (9th Cir. 1972), plaintiff recovered for a section 404(b) violation, even though the flight in question was an international flight which might fall within the purview of the Warsaw Convention. See note 2, *supra.* In addition, the Act states specifically: "No air carrier or *foreign air carrier* shall make, give, or cause any undue or unreasonable preference or advantage . . ." 49 U.S.C. § 1374(b) (1976) (emphasis added). It is also noted that foreign air carriers are subject to the regulations promulgated by the Civil Aeronautics Board regarding the filing of priority rules for determining which passengers holding confirmed reservations shall be denied boarding on an oversold flight. See 14 C.F.R. § 250.1, § 250.3 (1978).

*Nader v. Allegheny Airlines, Inc.,* 167 U.S. App.D.C. 350, 360, 512 F.2d 527, 537 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976); *Fitzgerald v. Pan American World Airways,* 229 F.2d 449, 501 (2d Cir. 1956). "In order to succeed in an action under this section, it must be alleged . . . and proven that the plaintiff's right to fair, equal and non-discriminatory treatment has been violated." *Mortimer v. Delta Air Lines,* 302 F.Supp. 276, 281 (N.D.Ill.1969). Plaintiff in this case has alleged such a claim.[8]

■ "[P]urely nominal compensatory damages are available, including an award for humiliation and hurt feelings when the facts warrant, and the extent and nature of the affront are established." *Archibald v. Pan American World Airways, Inc.,* 460 F.2d 14, 16 (9th Cir. 1972); *accord, Flores v. Pan American World Airways,* 259 F.Supp. 402, 404 (D.P.R.1966). In this case, plaintiff's ad damnum request for $50 compensatory damages amounts to a request for nominal damages. Cf. *Smith v. Piedmont*

*Aviation, Inc.,* 567 F.2d 290, 292 (5th Cir. 1978) (Airline agent's reference to plaintiff's " 'thick head,' a reaction obviously provoked by Smith's repeated requests for a charter flight . . . might support an award for nominal damages"; plaintiff awarded $1,051.80 compensatory damages).

Punitive damages may also be recovered under the Act. *Wills v. Trans World Airlines, Inc.,* 200 F.Supp. 360, 367 (S.D.Cal. 1961); *accord, Archibald v. Pan American World Airways, Inc.,* 460 F.2d 14, 16 (9th Cir. 1972); see *Nader v. Allegheny Airlines, Inc.,* 167 U.S.App.D.C. 350, 372, 512 F.2d 527, 549 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). Here, plaintiff seeks $250,000 in punitive damages.

■ Since plaintiff claims that she has brought her action under the Federal Aviation Act which permits such a cause of action, the Court finds the statute of limitations under the Warsaw Convention to be inapplicable.[9] Accordingly, defendant's mo-

---

**8.** Defendant has also cited the case of *Kaufman v. Air France,* No. 5042 (Pa.Ct.C.P. Dec. 4, 1978) in which the Pennsylvania Court of Common Pleas dismissed the claim of a plaintiff on the same flight as Mahaney who was also bumped. The Pennsylvania court held that the two year statute of limitations of the Warsaw Convention barred the action. However, the plaintiff in the *Kaufman* case sued for breach of warranty and claimed that the Warsaw Convention was inapplicable because plaintiff was not given notice of the Convention provisions. The Pennsylvania court, quoting *Molitch v. Irish International Airlines,* 436 F.2d 42, 44 (2d Cir. 1970), held that "[e]xtension of the requirement of notice to the statute of limitations would be both meaningless and unjustified." *Kaufman v. Air France,* No. 5042, slip op. at 5 (Pa.Ct.C.P. Dec. 4, 1978). Were the allegations in this complaint similar to those in *Kaufman,* the Court might well be persuaded to dismiss the action. Cf. *Polansky v. Trans World Airlines, Inc.,* 523 F.2d 332, 338 (3d Cir. 1975) ("Under the four tests articulated by the Supreme Court . . . there is no justification for, and no reason to, imply a federal private remedy from § 1374(b) for misconduct which amounts (at the most) to nothing more than a breach of contract, 'misrepresentation' or breach of warranty."). However, in the present case, plaintiff claims a violation of the Federal Aviation Act and vigorously disputes defendant's contention that the Convention

precludes suit under the Act. The Court finds that "the basis of this action is not breach of contract of carriage . . . but rather violation of the antidiscrimination and preference section of the Federal Aviation Act." *Mortimer v. Delta Air Lines,* 302 F.Supp. 276, 281 (N.D.Ill.1969).

**9.** Neither party has briefed the issue of the limitation period which would be applicable to an action under the Federal Aviation Act. The Federal Aviation Act does not provide a specific statute of limitations for actions claiming violations of section 404(b). The rule which prevails generally when Congress has not provided a statute of limitations for a federally-created cause of action is to apply the period of limitation which the forum state would apply in a similar case. *Swan v. Board of Higher Education,* 319 F.2d 56, 59 (2d Cir. 1963). Without deciding the issue, the Court notes that actions brought in this court under 42 U.S.C. § 1983, a civil rights statute which also has no explicit period of limitation, are governed by N.Y.C.P. L.R. § 214(2) which provides a three year statute of limitations for actions to recover upon a liability created or imposed by statute. See *Meyer v. Frank,* 550 F.2d 726, 728 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977); *Ortiz v. LaVallee,* 442 F.2d 912, 914 (2d Cir. 1971). The present action was filed within three years of the alleged incident.

tion to dismiss plaintiff's action as being time-barred under the two year statute of limitations of the Warsaw Convention is denied.

### Summary Judgment

■ Plaintiff contends that defendant's acknowledgement of the bumping incident constitutes a prima facie case of discrimination in violation of section 404(b) of the Act. Hence, she concludes that she is entitled to summary judgment as a matter of law.

It is now axiomatic that summary judgment may be granted only when there are no genuine issues of material fact which need be determined at trial. Fed.R.Civ.P. 56(c); see *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). On such motions, the pleadings and affidavits must be construed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

While defendant does not deny the fact that Mahaney was denied access to an oversubscribed flight, "the practice of overbooking does not *per se* give rise to an actionable section 404(b) violation." *Nader v. Allegheny Airlines, Inc.,* 167 U.S.App.D.C. 350, 360–61, 512 F.2d 527, 537–38 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976).

> "Some overselling is an economic necessity for an airline in view of inevitable cancellations and no-shows. However, when a flight is thus oversold, the airline must fill the plane in a reasonable and just manner. . . . [B]umping which is outwardly discriminatory or preferential may be legitimated by proof that the airline adhered to its established policy

and that the policy is reasonable." *Archibald v. Pan American World Airways, Inc.,* 460 F.2d 14, 16 (9th Cir. 1972).[10] To establish that a preference or discrimination has occurred, it suffices that "[t]he passenger is able to prove that he possessed a confirmed reservation and a resultant right to a seat, and that this priority was not honored." *Id.* at 17. In the present case, plaintiff has not shown that defendant failed to honor her priority.[11] See *Nadar v. Allegheny Airlines, Inc.,* 167 U.S.App.D.C. 350, 361, 512 F.2d 527, 538 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976).

■ In addition, defendant's answer denies any discriminatory or unreasonable boarding denial. Defendant asserts that the tour operator, Club Mediterranee, caused the overbooking. Plaintiff replies that Club Mediterranee was an agent of defendant; defendant denies any agency relationship. Clearly, there are disputed issues of fact.

Finally, even if unreasonable or discriminatory denial of access were demonstrated, punitive damages may only be awarded upon proof that the action of the airline was "wanton, oppressive or malicious." *Karp v. North Central Air Lines, Inc.,* 583 F.2d 364, 366 (7th Cir. 1978). "[M]ere inadvertence or even gross negligence will not suffice to support an award of punitive damages." *Nader v. Allegheny Airlines, Inc.,* 167 U.S.App.D.C. 350, 372, 512 F.2d 527, 549 (1975), *rev'd on other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). The Court cannot say that, as a matter of law, the facts of this case, as thus far presented in the parties' papers, indicate "wanton, oppressive, or malicious" conduct by the carrier. Further, since significant

---

**10.** However, it is noted that a claim that the airline's filled priority rules are unreasonable must first be presented to the Civil Aeronautics Board for determination. See *Danna v. Air France,* 463 F.2d 407, 409 (2d Cir. 1972).

**11.** Under certain circumstances, the burden of proving the priority rules and compliance therewith shifts to the defendant carrier. *Nader v. Allegheny Airlines, Inc.,* 167 U.S.App.D.C. 350, 361, 512 F.2d 527, 538 (1975), *rev'd on*

*other grounds,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976); *Archibald v. Pan American World Airways, Inc.,* 460 F.2d 14, 17 (9th Cir. 1972). However, in the present case, plaintiff has not even alleged whether defendant has violated its priority rules, but has merely chosen to claim overbooking. Such an allegation is clearly insufficient to support summary judgment.

factual questions determinative of liability remain unanswered, plaintiff's motion for summary judgment must be denied.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss and plaintiff's motion for summary judgment are hereby denied.

SO ORDERED.