657 F.2d 511
 Mildred STERMAN, Abraham Sterman, on behalf of themselves
and all other persons who purchased or
participated in any TWA Getaway
Fly/Drive West Tour in 1980,
similarly situated,
Plaintiffs-
Appellants,
v.
TRANS WORLD AIRLINES, INC., Defendant-Appellee.
 No. 27, Docket 81-7213.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 31, 1981.
Decided Sept. 1, 1981.
 
 Richard Weinberger, New York City (Frederick E. M. Ballon, Richard Weinberger, and Ballon Stoll & Itzler, New York City, on the brief), for plaintiffs-appellants.
 Bradley Tyler, New York City (John N. Romans, Bradley Tyler, and Curtis, Mallet-Prevost, Colt & Mosle, New York City, on the brief), for defendant-appellee.
 Before NEWMAN and KEARSE, Circuit Judges, and EGINTON,* District Judge.
 PER CURIAM:
 
 
 1
 Appellants brought a class action to recover damages for alleged fraudulent misrepresentations by TWA, Inc. in the sale of a package "fly/drive" tour. Appellants claim they were promised hotel rooms at substantial savings but were charged higher prices for inferior rooms than the hotels normally charged for better rooms. A federal cause of action was alleged under § 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. § 1374(b) (1976),[1] together with pendent state contract and tort claims. The District Court for the Southern District of New York (Richard Owen, Judge) dismissed the complaint, concluding that no private right of action exists under § 404(b) for conduct constituting only common law misrepresentation.
 
 
 2
 The caption and terms of the statute deal with discrimination. See, e. g., Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499 (2d Cir. 1956). Though § 404(b) prohibits a carrier from subjecting a person to "unreasonable prejudice or disadvantage," these terms simply amplify the proscription against discrimination; they do not convert it into a general prohibition against deceptive trade practices, which inevitably place victims at some disadvantage. See Polansky v. Trans World Airlines, Inc., 523 F.2d 332, 336 (3d Cir. 1975); Sanders v. Air India, 454 F.Supp. 1371, 1378 (S.D.N.Y.1978). Since the acts complained of are not within the scope of the statute, we agree with the District Court that a federal cause of action has not been alleged, without reaching the question of whether a private cause of action should be inferred in these circumstances. See Pavolini v. Bard-Air Corp., 645 F.2d 144 (2d Cir. 1981).[2] With the threshold failure of the federal claim, the pendent claims were properly dismissed.
 
 
 3
 Affirmed.
 
 
 
 *
 The Honorable Warren W. Eginton of the United States District Court for the District of Connecticut, sitting by designation
 
 
 [1]
 Section 404(b) provides:
 No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.
 
 
 [2]
 In other contexts, such as racial discrimination, an implied right of action is available. Fitzgerald v. Pan American World Airways, Inc., supra