**SABON INVESTMENTS, INC. dba Gulliver's Travels, individually and as assignee of Norman P. O'Rielly, Thelma Watkins and Estella McConnell, Plaintiff,**

v.

**BRANIFF AIRWAYS, INC., a Nevada corporation, dba Braniff International, Defendant.**

**No. CIV–81–535–TUC–ACM.**

United States District Court, D. Arizona.

March 22, 1982.

Michael Mandig, Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C., Tucson, Ariz., for plaintiff.

Lina S. Rodriguez, Bilby, Shoenhair, Warnock & Dolph, P. C., Tucson, Ariz., for defendant.

## MEMORANDUM OF DECISION AND ORDER

MARQUEZ, District Judge.

In the summer of 1980, the plaintiff, Sabon Investments, Inc. doing business as Gulliver's Travels (Gullivers) made reservations for a group of its customers, traveling as a group known as "The Golden Age Club" to New Orleans, Louisiana from Tucson, Arizona, and from Houston, Texas to New Orleans. These flights were scheduled to depart on February 20, 1981 and were part of a Mardi Gras group tour. One week before the flights were scheduled to depart the airline which had confirmed the reservations, the defendant in this case, Braniff Airways, Inc. (Braniff), cancelled the reservations of three of the customers for whom Gullivers had arranged transportation. Evidently, suitable transportation could not thereafter be arranged causing the three customers to miss the Mardi Gras tour. The customers, upset by the turn of events, contacted an attorney in Tucson, who wrote the attorneys for Gullivers threatening to sue the travel agency if they did not compensate the customers for their out-of-pocket expenses incurred from missing the tour to New Orleans. After a period of negotiations, Gullivers and the customers negotiated a settlement. As part of the settlement agreement the customers executed a release of all future claims against Gullivers and an assignment of any claims that they might have remaining against Braniff to Gullivers.

Subsequently, Gullivers filed this complaint in the federal District Court for the District of Arizona under 49 U.S.C. § 1374 which prohibits airlines from engaging in unjust discrimination against its passengers. Plaintiff alleged subject-matter jurisdiction solely on the basis of 28 U.S.C. § 1331 (federal question jurisdiction) and attached two pendent state law claims, one for negligence against Braniff and the consequential damages caused to Gulliver's therefrom, and the other for the common-law right of indemnification which plaintiff alleges the defendant owes it due to the settlement it entered into with the customers of both parties.

Braniff has filed a motion to dismiss on the basis that the plaintiff lacks standing to bring this action under the federal statute. Without standing to raise the federal question the defendant contends the plaintiff's complaint must be dismissed because this court lacks subject-matter jurisdiction to hear the plaintiff's grievance.

It is undisputed by both parties that a travel agency has no private cause of action under 49 U.S.C. § 1374 against an airline for violating a passenger's rights, under the federal statute, who is a customer of the travel agency. *Caceres Agency, Inc. v. Trans World Airlines*, 594 F.2d 932 (2nd Cir. 1979); *Great Destinations, Inc. v. Transporte Aeros Portugueses*, 460 F.Supp. 1160 (S.D.N.Y.1978); *Viking Travel, Inc. v. Air France*, 462 F.Supp. 28 (E.D.N.Y.1978). However, Gullivers argues that their action is not barred against Braniff by these uniform holdings because they are not suing the airline directly, but rather, by receiving the assignment from the passengers they have stepped into the shoes of the "bumped" passengers and are suing, as to the federal question, on the passengers' right of action against the airline.

■ Braniff responds to the plaintiff's argument by noting that under Arizona law, a cause of action in tort is not assignable absent a specific statute allowing for a particular cause of action in tort to be assigned. *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); *Harleysville Mutual Insurance Co. v. Lea*, 2 Ariz.App. 538, 410 P.2d 495 (1966). Counsel for the plaintiff has cited no statute and the court has found no statute which would allow the travel agency to receive an assignment under the cause of action here alleged. Therefore, the court must decide whether 49 U.S.C. § 1374 states a cause of action in tort or contract. If the latter is true then plaintiff's assignment is valid, if the former is a correct interpretation of the statute then plaintiff's assignment is void and plaintiff has no standing to sue under the federal statute which would confer subject-matter jurisdiction upon this court.

There is no decision directly deciding whether the cause of action provided for by 49 U.S.C. § 1374 states a cause of action in tort or in contract. However, the seminal case which declared that the statute provided a private cause of action for individual passengers who were unjustly discriminated against in airline transportation services provides language which aids this court in making a sound decision as to the meaning of 49 U.S.C. § 1374. After reviewing the legislative history of the statute, the Second Circuit, in *Fitzgerald v. Pan American World Airways, Inc.*, 229 F.2d 499 (2nd Cir. 1956), *overruled on other grounds, Prescription Plan Service Corp. v. Franco*, 552 F.2d 493 (2nd Cir. 1977), wrote,

> The act here involved (49 U.S.C. § 1374) . . . created a new federal right . . . . No federal common law of torts exists; *when Congress enacts legislation rendering it tortious to do what is already a state common-law tort, a suit based on that legislation is within 28 U.S.C. § 1331.* 229 F.2d at 502 (Emphasis added)

*Fitzgerald, supra,* involved discriminatory boarding by the defendant airline based on the race of the famous singer Ella Fitzgerald, and without question, the statute was originally intended to combat that form of discrimination, a remedy which sounds in tort. Since the Fitzgerald case was decided 49 U.S.C. § 1374 has been expanded to include a remedy for the wrongs that the customers of Braniff allege occurred to them in the case at bar, namely bumping. *Mortimer v. Delta Airlines*, 302 F.Supp. 276 (D.C.Ill.1969); *Archibald v. Pan American World Airways, Inc.*, 460 F.2d 14 (9th Cir. 1972); *Smith v. Piedmont Aviation, Inc.*, 412 F.Supp. 641 (D.C.Tex.1976), *affirmed in part and reversed in part*, 567 F.2d 290 (5th Cir. 1978); *Karp v. North Central Airlines*, 437 F.Supp. 87 (D.C.Wis.1977). However, in all these cases, where the statute has been expanded to include a remedy for discriminatory bumping the characteristics of the cause of action, both as to the elements to be proved and the damages to be received have been tortious in nature. *Wills v. Trans World Airlines*, 200 F.Supp. 360, at 367 (S.D.Cal.1961).

■ The two elements a plaintiff must prove in order to establish the liability of an airline in a 49 U.S.C. § 1374 action are that the passenger possessed a designated priority and that the carrier boarded persons with a lower priority. *Karp, supra.* Once the plaintiff has proved these elements his

686

prima facie case is met and a directed verdict is avoided. The burden then shifts to the defendant airline to show why in the particular case the decision they made regarding boarding was reasonable. *Archibald, supra; Nader v. Allegheny Airlines, Inc.*, 512 F.2d 527 (D.C.Cir.1975), *reversed on other grounds*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). This structure for establishing liability sounds remarkably familiar to actions filed for employment discrimination, an action which is one for a tort. More important, the damages which have been assessed by courts against liable airlines have been tort damages. Prevailing plaintiffs in 49 U.S.C. § 1374 actions receive minimal compensatory damages and punitive damages commensurate with the wrong inflicted by the airline. *Nader, supra; Mortimer, supra; Mason v. Belieu*, 543 F.2d 215 (D.C.Cir.1977), *cert. denied*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976). Those damages which would normally be incurred in a breach of contract action have been provided for by the Civil Aeronautics Board Administrative Regulations and traditional state court remedies in breach of contract, misrepresentation, and breach of warranty. The federal statute has been interpreted to provide a supplementary remedy for an injury in tort, to supplement these already existing remedies. *Fitzgerald, supra; Polansky v. Trans World Airways, Inc.*, 523 F.2d 332 (3rd Cir. 1975).

■ A close reading of the case-law interpreting 49 U.S.C. § 1374 leaves no doubt that it has consistently been read to provide a remedy for tortious conduct. Since under Arizona law, which both parties agree is applicable, tort actions are not assignable absent specific legislative authorization, the court is constrained to rule that the named plaintiff's assignment is void with regard to bringing an action under 49 U.S.C. § 1374 and as a result this court does not have before it, in the complaint, a federal question on which to base its jurisdiction.

The court's analysis with regard to the pendent state claims is governed by *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Under *United Mine Workers, supra*, for a federal court to retain jurisdiction of a state law claim under the pendent jurisdiction doctrine there must be a federal claim to confer subject matter jurisdiction on the court. Without the existence of this claim the pendent state claims must also be dismissed. Although the court could, in its discretion, retain the state claims without the existence of the federal claim, it appears that a different nucleus of operative facts exists with regard to the state claims, as a different plaintiff is the real party in interest, and therefore the court declines to accept jurisdiction of the state claims under the existing circumstances.

IT IS ORDERED that the plaintiff's Complaint is dismissed without prejudice. If the plaintiff chooses to refile his action in federal court based on other jurisdictional grounds, the defendants' motions to dismiss the state claims for failure to state a claim will best be heard at that time, by the judge to whom the case is assigned.