Joseph D. **WOLGEL** and Edythe R. Wolgel, Plaintiffs-Appellants,

v.

**MEXICANA AIRLINES**, a Mexican corporation, Defendant-Appellee.

No. 86–2308.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 15, 1987.

Decided June 12, 1987.

Albert Koretzky, Dimonte & Lizak, Chicago, Ill., for plaintiffs-appellants.

J. Robert Geiman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant-appellee.

Before WOOD and FLAUM, Circuit Judges, and GRANT, Senior District Judge.[*]

FLAUM, Circuit Judge.

Joseph and Edythe Wolgel appeal from the dismissal of their claim for discriminatory "bumping" under § 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. app. § 1374(b) (1982). The district court held

---

* The Honorable Robert A. Grant, Senior District Judge for the United States District Court for the Northern District of Indiana, is sitting by designation.

that their claim was time-barred by the two-year statute of limitations contained in the Warsaw Convention. We reverse and remand for further proceedings.

### I.

Because the Wolgels' complaint was dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we must accept their factual allegations as true. *See Ed Miniat, Inc. v. Globe Life Ins. Group,* 805 F.2d 732, 733 (7th Cir. 1986). According to their complaint, Mr. and Mrs. Wolgel arrived at O'Hare Airport on April 17, 1981, with two round-trip tickets that they had purchased from the defendant Mexicana Airlines for travel on that day from Chicago to Acapulco, Mexico. The Wolgels held confirmed reservations, and had complied with the relevant preboarding conditions. However, when the Wolgels presented their tickets and baggage to Mexicana's passenger agent, they were informed that no seats were available on their flight. In short, the Wolgels had been "bumped." The Wolgels assert that this incident occurred pursuant to a policy of substantial and consistent overbooking and overselling of confirmed reservation passenger seating.

The Wolgels submitted a claim for boarding compensation, as provided for by Civil Aeronautics Board regulations, but Mexicana refused to compensate them. Consequently, on April 17, 1986, exactly five years after their injury, the Wolgels filed suit in the Circuit Court of Cook County, alleging breach of contract, tortious breach of a contractual relationship between the parties, and discriminatory bumping (bumping in violation of Mexicana's own priority rules) in violation of § 404(b) of the Federal

Aviation Act, 49 U.S.C. app. § 1374(b) (1982). On May 14, 1986, Mexicana removed the suit to federal district court pursuant to 28 U.S.C. § 1441, on the ground that Mexicana, a corporation wholly owned by the government of Mexico, is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 (1982). Mexicana then moved to dismiss the complaint on the ground that the Wolgels' action was time-barred under the two-year statute of limitations contained in Article 29 of the Warsaw Convention ("the Convention"). The district court granted Mexicana's motion and dismissed the complaint. This appeal followed.

### II.

The Wolgels base their federal claim on § 404(b) of the Federal Aviation Act ("FAA"), 49 U.S.C. app. § 1374(b) (1982) (repealed 1983). Section 404(b) prohibited domestic and foreign air carriers from subjecting any person to "any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever." [1] In *Karp v. North Central Airlines,* 583 F.2d 364 (7th Cir.1978), this court held that § 404(b) created an implied private right of action for passengers of a domestic airline who were bumped due to a failure of the airline to follow its own boarding priority rules. However, neither in *Karp* nor in later cases did this court establish a statute of limitations for such actions. The Wolgels urge us to borrow the Illinois "catch-all" statute of limitations, which provides a five-year period in which to bring suit. *See* Ill.Ann.Stat. ch. 110, ¶ 13–205 (Smith-Hurd 1984).

---

1. Section 404(b) read in full:
   (b) No air carrier or foreign air carrier shall make, give, or cause any undue or unreasonable preference or advantage to any particular person, port, locality, or description of traffic in air transportation in any respect whatsoever or subject any particular person, port, locality, or description of traffic in air transportation to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever.
   49 U.S.C. app. § 1374(b) (1982) (repealed 1983).

On January 1, 1983, this provision ceased to be in effect, except insofar as the section requires air carriers to provide safe and adequate service. 49 U.S.C. app. § 1551(a)(2)(B) (1982). The common law rule is that the repeal of a statute abates all actions pending under it, even those on appeal. *See United States v. Gruttadauro,* 818 F.2d 1323, 1325 n. 2 (7th Cir.1987). In this case, however, the federal savings statute, 1 U.S.C. § 109 (1982), preserves the Wolgels' claim.

Mexicana Airlines argues, however, that the Warsaw Convention,[2] 49 U.S.C. § 1502 (1982) (note), is the Wolgels' exclusive remedy. The Warsaw Convention is a multilateral treaty to which both the United States and Mexico are adherents. The Convention provides for uniform documentation for passengers and cargo on international flights, and limits the liability of air carriers in the event of accident or loss. *In re Aircrash in Bali*, 684 F.2d 1301, 1304–05 (9th Cir.1982). The Convention also provides a remedy for claims of personal injury, loss of or damage to baggage, and delay. Actions based on the Convention must be brought within two years. *See* Warsaw Conv., Art. 29(1). The district court held that the Convention provided the Wolgels' only remedy. Because the Wolgels did not file suit until five years after their injury, the district court held that their claim was time-barred.

We conclude that the Wolgels' claim falls outside the Warsaw Convention, because the Wolgels seek damages for the bumping itself, rather than incidental damages due to their delay. Therefore, the two-year statute of limitations for claims covered by the Warsaw Convention does not apply to this case. Borrowing from the analogous state statute of limitations, we hold that the applicable statute of limitations for a claim of discriminatory bumping under the FAA is five years. Because the Wolgels' complaint was timely filed, we reverse the judgment of the district court and remand for further proceedings.

### A.

■ Article 19 of the Warsaw Convention provides that "[t]he carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods." The first question in this case is whether this provision extends to claims of discriminatory bumping. We conclude that it does not.

" '[T]reaties are construed more liberally than private agreements, and to ascertain their meaning we may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties.' " *Air France v. Saks*, 470 U.S. 392, 396, 105 S.Ct. 1338, 1340, 84 L.Ed.2d 289 (1985) (*quoting Choctaw Nation of Indians v. United States*, 318 U.S. 423, 431–32, 63 S.Ct. 672, 677–78, 87 L.Ed. 877 (1943)). The history of the Warsaw Convention indicates that the drafters of the Convention did not intend the word "delay" in Article 19 to extend to claims, such as the Wolgels', that arise from the total nonperformance of a contract.

The Second International Diplomatic Conference on Private Aeronautical Law was convened in Warsaw, Poland on October 4, 1929. On the fourth day of the conference, the conference delegates discussed Article 21, the predecessor of Article 19. Mr. Ambrosini, the delegate from Italy, remarked that Article 21 did not provide a remedy for nonperformance:

> For example, goods are delivered to the carrier: They are within the aerodrome, the aircraft did not leave, the contract is not performed. Must one say that the carrier is liable or not? Without doubt, he is, but it must be so said in the Convention, but Article 21 says nothing.

*Second International Conference on Private Aeronautical Law, Minutes* 76 (R. Horner & D. Legrez trans. 1975). Mr. Ambrosini proposed that Article 21 be amended to provide for liability "in case of nonperformance of the contract, or of delay." *Id.* However, after further discussion of this question, it became clear among the delegates that there was no need for a remedy in the Convention for total nonperformance of the contract, because in such a case the injured party has a remedy under the law of his or her home country. *See id.* at 76–77 (remarks of Mr. Ripert). The delegates therefore agreed that the Convention should not apply to a case of nonperformance of a contract. *Id.* at 77.

**2.** Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S.

11 (adherence of United States proclaimed Oct. 29, 1934).

This case is one of nonperformance of a contract. The Wolgels are not attempting to recover for injuries caused by their delay in getting to Acapulco. Rather, their complaint is based on the fact that, as far as the record shows, they never left the airport. Because the Wolgels' claim is for total nonperformance of a contract, the Warsaw Convention is inapplicable.

The decision in *Mahaney v. Air France*, 474 F.Supp. 532 (S.D.N.Y.1979), supports our conclusion. In *Mahaney*, the plaintiff was bumped from a flight between New York and Puerto Vallarta, Mexico. Three years later, she sued the defendant under § 404(b) of the FAA. The defendant argued that the suit was barred by the two-year statute of limitations contained in Article 29 of the Warsaw Convention. The court held that the plaintiff's claim for the cost of renting a van—an incidental cost she incurred because of the delay—arose under the Convention. This claim was therefore time-barred. *Id.* at 534. However, the rest of the plaintiff's claims were based on the discriminatory bumping itself, and the emotional harm caused by the bumping. The *Mahaney* court held that these claims did not arise under the Convention, because they did not stem from delay. Thus, the Convention's statute of limitations did not bar the remainder of the plaintiff's claims. *Id.* at 535.

Mexicana relies on *Harpalani v. Air India*, 622 F.Supp. 69 (N.D.Ill.1985). In *Harpalani*, the plaintiffs, who were bumped from a flight between Bombay, India and New York, sued under Article 19 of the Warsaw Convention. The court held that the Warsaw Convention provided their exclusive cause of action, and dismissed the plaintiffs' other federal and state claims as "preempted" by the Convention. *Id.* at 73. However, in reaching its conclusion the

court did not examine the legislative history of the treaty, but simply relied on *Mahaney* and on *Hill v. United Airlines*, 550 F.Supp. 1048 (D.Kan.1982). Neither case supports the proposition that Article 19 of the Convention provides a cause of action for bumping.[3]

Finally, Mexicana's interpretation of the Warsaw Convention—that the Convention is the exclusive remedy for passengers bumped from international flights—rests on an anomalous reading of the FAA. Section 404(b) of the FAA prohibited discrimination by an "air carrier or foreign air carrier." Mexicana asks us to interpret the word "discrimination" to include discriminatory bumping when applied to domestic air carriers—*see Karp, supra*—but not when applied to foreign air carriers. We reject such an improbable reading of the FAA.

We conclude that the Warsaw Convention does not provide a cause of action for bumping. Therefore, the two-year statute of limitations set forth in Article 29(1) of the Convention does not bar the Wolgels' claim.

## B.

We are left with the question of the applicable statute of limitations for claims brought under the FAA. We conclude that the appropriate limitations period is five years.

"When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942–43, 85 L.Ed.2d 254 (1985); *see Del Costello v. International Brotherhood of Teamsters*, 462 U.S.

---

**3.** As we have seen, *Mahaney* supports the conclusion that the Convention does *not* provide a cause of action for bumping. In *Hill*, the plaintiffs sued the airline for intentional misrepresentation when they were delayed due to false information about a connecting flight. The airline argued that the Warsaw Convention was the plaintiffs' exclusive remedy. The court held that the Convention did not bar the plaintiffs' action because "[l]iability, if any, is predicated

on defendant's commission of the tort of misrepresentation, a circumstance completely outside of the Warsaw Convention." *Hill*, 550 F.Supp. at 1054. The *Hill* court mentioned Article 19, but did not discuss bumping. Thus, neither the history of the Convention nor the case law supports the *Harpalani* court's reasoning. We accordingly decline to adopt that court's conclusion that the Convention provides a cause of action for bumping.

151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1982). Illinois provides a two-year statute of limitation for personal injury claims, *see* Ill.Ann.Stat. ch. 110, ¶ 13–202 (Smith-Hurd 1984), a ten-year statute of limitation for contract claims, *see id.* at ¶ 13–206, and a five-year statute of limitation for, among other things, "all civil actions not otherwise provided for," *see id.* at ¶ 13–205.

Section 404(b) of the FAA is concerned with more than personal injury or breach of contract. The statute reflects "a desire to provide widescale protection against discriminatory rates and practices," *Mason v. Belieu*, 543 F.2d 215, 219 (D.C.Cir.), *cert. denied*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976), and prohibits "unjust discrimination" in broad terms. *See, e.g., United States Dept. of Transportation v. Paralyzed Veterans*, — U.S. ——, 106 S.Ct. 2705, 2709, 91 L.Ed.2d 494 (1986) (The Civil Aeronautics Board has relied on § 404(b) as authority for the promulgation of regulations to protect the handicapped.); *DHL Corp. v. C.A.B.*, 659 F.2d 941 (9th Cir.1981) (Section 404(b) prohibits rate discrimination.); *Fitzgerald v. Pan American World Airways*, 229 F.2d 499 (2d Cir.1956) (Section 404(b) prohibits racial discrimination.). The five-year period of limitations in ¶ 13–205 is thus the most appropriate state statute.

We adopt a five-year statute of limitations for claims brought under § 404(b). The Wolgels' complaint, which was filed exactly five years after their injury, is timely. *See Urbaniak v. John Berg Mfg. Co.*, 9 Ill.App.3d 508, 292 N.E.2d 460 (1st Dist.1972); *Price v. Ill. Bell Tel. Co.*, 269 Ill.App. 581, 587–88 (1st Dist.1933); *Roth v. Lundin*, 237 Ill.App. 456, 457 (1st Dist. 1925).

### III.

The Wolgels' suit for discriminatory bumping under the FAA is not barred by the two-year statute of limitations set forth in the Warsaw Convention, because the Convention does not cover actions for bumping. Rather, the applicable statute of limitations for the Wolgels' FAA claim is a five-year period borrowed from Illinois law. Because the Wolgels filed their suit exactly five years after their injury, their complaint was timely. The judgment of the district court is reversed and the case remanded for further proceedings.