DAVID POTTER DUFF, Plaintiff-Appellant and Cross-Appellee, v. TRANS WORLD AIRLINES, INC., Defendant-Appellee and Cross-Appellant.

First District (3rd Division) No. 87—0588

Opinion filed July 20, 1988.

David Potter Duff, of Oak Park, appellant *pro se.*

Conklin & Adler, of Chicago (Robert J. Verrando, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, David Potter Duff, appeals from an order of the circuit court of Cook County granting summary judgment in favor of defendant, Trans World Airlines, Inc. (TWA). TWA cross-appeals from an order of the circuit court denying its Code of Civil Procedure section 2—611 motion for sanctions (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) against Duff. We affirm.

This appeal arises as a result of a trip taken by Duff in 1985 and 1986. Duff began his trip on December 27, 1985, when he left Chicago on a Pan-American World Airways (Pan-Am) flight to New York. Duff then traveled on Pan-Am flights to Caracas, Venezuela; Durban, South Africa; Lima, Peru; Santiago, Chile; Rio de Janeiro, Brazil; Capetown and Johannesburg, South Africa; Harar, Ethiopia; Nairobi, Kenya; Cairo, Egypt; and Casablanca, Morocco. Duff then traveled from Morocco to Madrid, Spain. On February 8, 1986, Duff returned from Madrid to New York on an Iberia Airlines flight. Once in New York, Duff was scheduled to take a TWA flight to Chicago. This flight was delayed approximately four hours.

Thereafter, Duff filed a complaint against TWA in which he alleged that TWA failed to leave New York at the scheduled departure time, negligently damaged his luggage and lost or damaged items in Duff's luggage. On September 10, 1986, the trial court granted TWA's motion for partial summary judgment on Duff's claim concerning baggage and lost items. Duff does not appeal from that order.

TWA then filed another motion for summary judgment on Duff's remaining claim for damages due to flight delay. In its motion, TWA argued that summary judgment was appropriate based upon (1) article XX(1) of the Convention for the Unification of Certain Rules Relating to International Transportation by Air (Warsaw Convention) (49 U.S.C. §1502 *et seq.* (1976)); (2) the contractual terms of the TWA airline ticket issued to Duff; and (3) Duff's lack of any damage occasioned by his delayed departure. On January 27, 1987, the trial court granted summary judgment in favor of TWA on Duff's remaining claim alleging damages due to flight delay. TWA also filed section 2—611 motion for sanctions against Duff which the trial court denied. This appeal and cross-appeal followed. We affirm.

We first address Duff's appeal. Based upon our examination of the

record in this case, it appears that Duff's primary contention on appeal is that the trial court erred in relying upon article XX(1) of the Warsaw Convention in granting summary judgment in TWA's favor. We disagree.

■ Initially, the record does not reflect the basis of the trial court's order granting summary judgment in favor of TWA. However, as we may uphold the trial court's determination if its is supported by the record, we find no error in the trial court's determination here.

■ The Warsaw Convention is a multilateral treaty to which over 126 countries are adherents.[1] The Warsaw Convention provides for uniform documentation for passengers and cargo on international flights and limits the liability of air carriers in the event of accident and loss. To form a contract for international travel, the Warsaw Convention requires that both parties contemplate international travel. With respect to the requirement that international travel be contemplated by the parties, Duff essentially contends that his flight from New York to Chicago was purely domestic and therefore not subject to the Warsaw Convention. We find no merit to this argument.

■ Initially, our review of the record indicates that in a period of about seven weeks, Duff traveled to New York; Caracas, Venezuela; Durban, South Africa; Lima, Peru; Santiago, Chile; Rio de Janeiro, Brazil; Capetown and Johannesburg, South Africa; Harar, Ethiopia; Nairobi, Kenya; Cairo, Egypt; Casablanca, Morocco; New York, New York; and Chicago, Illinois. The airline tickets for these flights were purchased by Duff from Pan-Am, and the TWA ticket contained the Warsaw Convention notice.

In addition, in his answer to TWA's interrogatories, Duff stated that at the time of this event, he was employed as a "lawyer, realtor, insurance and travel agent" and was acting within the scope of his employment as a travel agent during his trip. Duff further answered that when he purchased the tickets for his trip, he was listed as a registered travel agent with the Airlines Reporting Corporation.

Our review of the record further discloses that all of the airline tickets for Duff's travels, including his TWA ticket for the New York to Chicago portion of his trip, were paid for in one lump sum of $4,043. We believe it is clear that Duff contracted for international travel when he purchased the tickets for his travel. We also believe it

---

[1]In a later agreement, the Montreal Agreement, the signatory airlines agreed to increase their maximum liability to $75,000 per passenger and to make liability for injuries described by article 17 of the Convention absolute. *Lemly v. Trans World Airlines, Inc.* (2d Cir. 1986), 807 F.2d 26, 27 n.2; *Stratis v. Eastern Airlines, Inc.* (2d Cir. 1982), 682 F.2d 406, 409 n.3.

is clear that Duff's return flight from New York to Chicago was part of his overall international travels. We, therefore, find no merit to Duff's contention that he was not engaged in international travel at the time that his TWA flight from New York to Chicago was delayed.

■ Having determined that the Warsaw Convention applies to Duff's claim for damages due to delay, we next address the specific articles of the Warsaw Convention governing such a claim. Article 19 of the Convention provides that a "carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods." (49 U.S.C. §1502 (1976).) Article 20(1) relieves a carrier of liability if he can prove that he and his agents took all measures necessary to avoid the damage or that it was impossible for him or them to take such measures.

■ In the present case, TWA offered the affidavit of two supervisors of ground operations for TWA and certified airframe and power plant mechanics. In these affidavits, the supervisors stated that they had reviewed the aircraft maintenance logs of February 8, 1986, for the aircraft used for TWA flight 757. These records indicated that prior to the scheduled departure of TWA flight 757, the aircraft developed certain mechanical malfunctions, including a malfunction of the stabilizer cruise trim. At that time, TWA personnel determined that in order to insure the safety of the passengers, certain repairs to the aircraft were required. These repairs were completed in the most expeditious manner possible, after which flight 757 departed for Chicago.

In response to TWA's motion for summary judgment, Duff filed what purports to be a counteraffidavit. Our examination of this affidavit reveals that it is insufficient to raise material questions of fact as to the applicability of the Warsaw Convention and TWA's entitlement to summary judgment based on article XX(1) of the Convention.

■ Duff, however, further argues that pursuant to the case of *Wolgel v. Mexicana Airlines* (7th Cir. 1987), 821 F.2d 442, his claim against TWA is an action for nonperformance of a contract and outside the parameters of the Warsaw Convention. We find no merit to this argument.

In *Wolgel*, the plaintiffs filed a claim for discriminatory "bumping" pursuant to section 404(b) of the Federal Aviation Act of 1958, 49 U.S.C. §1374(b) (1982). The district court held that the plaintiffs' claim was time barred by the two-year limitation period of the Warsaw Convention. The plaintiffs appealed. On appeal, the United States Court of Appeals for the Seventh Circuit determined that the Warsaw Convention was not applicable to the plaintiffs' cause of action. Therefore, their claim was not barred by the Warsaw Convention's limita-

tion period. The appeals court stated:

> "This case is one of nonperformance of a contract. The Wolgels are not attempting to recover for injuries caused by their delay in getting to Acapulco. Rather, their complaint is based on the fact that, as far as the record shows, they never left the airport. Because the Wolgels' claim is for total nonperformance of a contract, the Warsaw Convention is inapplicable." *Wolgel*, 821 F.2d at 445.

The court then determined that the Federal Aviation Act's limitation period applied to the plaintiffs' cause of action.

Here, Duff is not attempting to recover for total nonperformance of his contract with TWA to fly him to Chicago. To the contrary, Duff is seeking compensation for damages he allegedly sustained as a result of his delay in leaving New York and his late arrival in Chicago. Clearly, *Wolgel* does not support Duff's position that the Warsaw Convention is not applicable to his claim against TWA. To the contrary, *Wolgel* supports TWA's position that Duff's claim comes within the purview of the Convention. We, therefore, find no error in the trial court's award of summary judgment in TWA's favor.

■ We lastly address TWA's cross-appeal in which TWA assigns as error the trial court's denial of its section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) motion for sanctions. Section 2—611 states in relevant part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading ***; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading *** is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party *** the amount of the reasonable expenses incurred because of the filing of the pleading *** including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

Section 2—611 requires that (1) the pleading be well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, and (2) the pleading is not interposed for any improper purpose, such as to harass or

to cause unnecessary delay or needless increase in the cost of litigation. We have examined the record in this case, with special emphasis on TWA's section 2—611 motion, and we find no error in the trial court's refusal to assess sanctions against Duff. In our opinion, this case does not represent the type of case in which section 2—611 relief should be awarded. We, therefore, find no error in the trial court's denial of TWA's section 2—611 motion for sanctions.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.

