Rafael **SASSOUNI**, Plaintiff,

v.

**OLYMPIC AIRWAYS**, Defendants.

No. 90 Civ. 7534 (CSH).

United States District Court,
S.D. New York.

July 25, 1991.

Rafael Sassouni, pro se.

John McGowan, Condon & Forsyth, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This suit is an action by plaintiff to recover damages in the amount of $2,000 allegedly resulting from an incident occurring in relation to airline transportation furnished by defendant. This action is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

The parties are substantially in agreement on the material facts surrounding this case. Plaintiff, Rafael Sassouni, who brings this action *pro se,* purchased an airline ticket from defendant Olympic Airways ("Olympic"). The ticket provided for travel from New York to Athens, Greece on April 8, 1987; from Athens, to Tel Aviv, Israel on April 12, 1987 (the eve of Passover); and from Tel Aviv to New York on April 24, 1987. As plaintiff completed his April 8 and April 24 flights without mishap, the only leg of the journey at issue here is the April 12 flight from Athens to Tel Aviv.

It is undisputed that after plaintiff arrived at the Athens airport on April 12, 1987 he was denied boarding "due to alleged overbooking of (his) flight." Defendant's Memorandum in Support of Motion to Dismiss, 3. Plaintiff took the next available Olympic flight to Tel Aviv which arrived the following day, April 13 (Passover) after sundown. As an Orthodox Jew, plaintiff was forbidden by Jewish law to travel on Passover. Plaintiff's Pre–Trial Statement of Facts ("Pre–Trial Statement"), ¶ 4. Due to this delay in travel, plaintiff alleges he suffered "great mental and emotional distress." Pre–Trial Statement, ¶ 1(d).

Plaintiff commenced the present action in the Civil Court of the City of New York, Small Claims Part on October 15, 1990. Defendant removed the case from Small Claims Part to this court on November 21, 1990 pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1441(d) which provides in part:

> "(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

Defendant now moves this Court to dismiss plaintiff's claim as time barred.

## DISCUSSION

### *Applicability of the Warsaw Convention*

Defendant asserts that plaintiff's claim arises out of a delay in transportation and as such is governed exclusively by the provisions and limitations of the Warsaw Convention[1]. The Warsaw Convention is a treaty designed to establish world-wide uniformity with regard to liability rules governing aviation and to "limit air carriers' potential liability in the event of accidents."

---

1. The official title of the Warsaw Convention is: The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, reprinted in note following 49 U.S.C. § 1502 (1976). The United States pro-

claimed adherence to the Convention on Oct. 29, 1934. *See In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267, 1271 (2d Cir.1991) (*citing The United States and the Warsaw Convention,* 80 Harv.L.Rev. 497, 501–02 (1967) (Lowenfeld & Mendelsohn).

*In re Air Disaster at Lockerbie, Scotland,*
*supra,* 928 F.2d at 1270. The Warsaw
Convention applies "to all international
transportation of persons, baggage or
goods performed by aircraft for hire." Ar-
ticle 1(1).

International transportation for purposes
of the Warsaw Convention includes:

"any transportation in which, according
to the contract made by the parties, the
place of departure and the place of desti-
nation, whether or not there be a break
in the transportation or a transshipment,
are situated either within the territories
of two High Contracting Parties, or with-
in the territory of a single High Con-
tracting Party, if there is an agreed
stopping place within a territory subject
to the sovereignty, suzerainty, mandate
or authority of another power, even
though that power is not a party to this
convention...." Article 1(2).

Plaintiff's transportation was unquestiona-
bly "international" within the meaning of
the Warsaw Convention, given that the
place of origin and the place of destination
are in the United States (New York), which
is a High Contracting Party to the Warsaw
Convention, and Athens, Greece and Tel
Aviv, Israel comprised agreed stopping
places within the territory of another pow-
er. *See generally Rabinowitz v. Scandi-
navian Airlines,* 741 F.Supp. 441, 443
(S.D.N.Y.1990) (travel which commenced
and terminated in New York with stopping
places in Copenhagen, Moscow, Zurich, and
Tel Aviv deemed "international" according
to provisions of Warsaw Convention).

Article 19 of the Warsaw Conven-
tion provides for liability on the part of a
carrier for "damage(s) occasioned by delay
in the transportation by air of passengers,
baggage or goods." Article 24 of the Con-
vention provides in relevant part:

"(1) In the cases covered by articles 18
and 19 any action for damages, however
founded, can only be brought subject to
the conditions and limits set out in this
convention.
(2) In the cases covered by article 17 the
provisions of the preceding paragraph
shall also apply ..."

As Article 24 suggests, and numerous
courts have held, if plaintiff's cause of
action is covered by Article 17, 18 or 19, the
Warsaw Convention provides the exclusive
remedy for plaintiff's claim.

In *Husserl v. Swiss Air Transport Co.,*
388 F.Supp. 1238 (S.D.N.Y.1975), the court,
after outlining the history of the Warsaw
Convention, explained:

"It seems implicit in these indisputable
propositions that the purpose of the War-
saw System and the intent of its drafters
... must also have been to establish the
exclusive relief available for damages re-
sulting from an injury sustained in inter-
national transportation. Manifestly, if
an injury subject to the presumption and
limitation of liability provisions of the
treaty could give rise to another claim
not subject to those provisions, uniform-
ity with respect to liability would not
result and the treaty's purpose would be
defeated.

To avoid this latter problem, the draft-
ers explicitly made the conditions and
limits established by the Convention *ex-
clusively applicable* to certain actions
for damages based on the enumerated
types of injury." *Id.* at 1244–45 (empha-
sis added).

In addition, the Second Circuit, in deter-
mining that the Warsaw Convention
preempts state law causes of action, recent-
ly held:

"The way the other parties have viewed
the Convention, its emphasis on uniform-
ity, and the need for a single, unified rule
on such points as the recoverability of
punitive damages lead to the belief that
the Convention should be interpreted as
making all actions—other than those not
based on the Convention—*exclusive* un-
der it." *In re Air Disaster at Locker-
bie, Scotland, supra,* 928 F.2d at 1274
(emphasis added).

Hence, if the plaintiff's cause of action is
covered by Article 19, the Warsaw Conven-
tion provides the exclusive remedy for
plaintiff's claim. *See also Boehringer-
Mannheim Diagnostics, Inc. v. Pan Amer-
ican World Airways, Inc.,* 737 F.2d 456
(5th Cir.1984), *cert. den.* 469 U.S. 1186, 105

S.Ct. 951, 83 L.Ed.2d 959 (1985) (where Warsaw Convention provides an independent cause of action it provides the exclusive remedy, preempting other state or federal law claims).

Very few courts have confronted the issue of the application of Article 19 to being "bumped" from an airline flight. However, those that have, hold uniformly that damages arising from a delay in transportation caused by being bumped, are governed by Article 19. *See Mahaney v. Air France,* 474 F.Supp. 532, 534 (S.D.N.Y.1979) (passenger's claim of damages based solely on delay experienced from being bumped arises under Article 19 and is barred by Warsaw Convention's two-year statute of limitations); *Harpalani v. Air India, Inc.,* 622 F.Supp. 69, 72–73 (N.D.Ill.1985) (plaintiffs' claim seeking to recover damages arising from delay in transportation caused by being bumped from a flight, covered exclusively by Article 19 of the Warsaw Convention).

The only circuit court to this date to have ruled on this exact issue is the Seventh Circuit. In *Wolgel v. Mexicana Airlines,* 821 F.2d 442 (7th Cir.1987), the court held that Article 19 does not cover claims for damages arising from actually being bumped, such as discriminatory bumping or intentional infliction of emotional distress. But that court implicitly held that Article 19 did cover claims for damages incurred from the delay itself. *Id.* at 444.

In a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff. *See Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 558 (2d Cir.1985). Further, "(i)n determining the sufficiency of a *pro se* complaint, it is now axiomatic that a court must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel." *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983) (citations omitted).

▉ Reviewing the complaint, this Court must determine whether plaintiff's claim arises out of a delay in transportation. However, examination of plaintiff's complaint in the present case is complicated by the fact that plaintiff's complaint consists only of the succinct Small Claims summons which states that "Rafael Sassouni, claimant, Does ask judgment in this Court against you (Olympic) for $2000.00 together with costs upon the following claim: action to recover monies arising out of defective services rendered." Notwithstanding the brevity of substance of plaintiff's complaint, plaintiff's additional filed documents illuminate the essence of his claim. In his Pre-trial Statement, plaintiff states that due to having to fly to Israel at a later time, namely on Passover, plaintiff suffered "great mental and emotional distress, as travel is forbidden during a high holiday." ¶ 4. In his Reply to defendant's motion to dismiss, plaintiff again asserts that having "to be in transportation during Passover caus(ed) him great emotional distress." ¶ 1(d).

Because these statements fall outside the scope of the complaint, defendant's motion must be converted into one for summary judgment under Rule 12(b) (last sentence), at least on this ground for dismissal.

It would certainly appear that plaintiff's alleged damages stemmed from the delay in transportation, not from the actual bumping. Plaintiff does not state that the behavior of the gate agents caused him distress or that the agents discriminated against him. Instead, when plaintiff alleges he was caused emotional distress, he consistently states that it arose from being forced to travel on Passover—which was directly a result of the delay in transportation. Plaintiff alleges in his Reply that his "claim is based on Olympic's denial and refusal to perform its part of the contract." ¶ 1. However, plaintiff's attempt to make the claim sound in breach of contract terms does not change the fact that the claim, however founded, arose out of a delay in transportation. Regarding this issue, the words of the court in *Reiser v. Meloi World Travel Service,* 18 Av.Cas. (CCH) 17,208 (S.D.N.Y.1983) apply here:

"(W)hether plaintiffs' legal claims sound in fraud, as plaintiffs argue, or contract, as the Fourth Cause of Action explicitly states, there can be no doubt that the

claims are covered by Article 19 of the Warsaw Convention, and therefore arise under a treaty of the United States." *Id.* at 17,210.

Accordingly, since plaintiff's claim stemmed from the delay Olympic allegedly created, plaintiff's claim would seem to fall within the scope of Article 19 and be governed exclusively by the terms of the Warsaw Convention.

## *Statute of Limitations*

If plaintiff's claim falls within Article 19 of the Convention, Article 29 provides the statute of limitations. It provides in part:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

The date of termination of plaintiff's transportation was April 24, 1987, when he returned to New York. Applying liberally the terms of the Warsaw Convention, the deadline for filing plaintiff's claim would have been April 24, 1989. Therefore, since plaintiff did not commence this action until October 15, 1990, the applicable statute of limitations had run out by the time the complaint was filed[2]. Since, as noted above, the Warsaw Convention provides the exclusive remedy for plaintiff's claim and since plaintiff did not file his claim within the statute of limitations provided for Warsaw Convention claims, his action is time barred.

## ORDER

For the reasons stated, the Court converts defendant's motion to dismiss under Rule 12(b)(6) into one for summary judgment under Rule 56.

If so advised, plaintiff may file and serve additional papers within forty-five (45) days of the date of this order. Defendant may file and serve reply papers within ten (10) days thereafter.

If no further submissions are made, the Court will decide the motion on the present record.

It is SO ORDERED.

---

**2.** Plaintiff, in his Reply, contends that he did file a complaint before the statute of limitations had tolled by writing a letter of complaint to Olympic Airlines as early as April 30, 1987. Reply, ¶ 2. Plaintiff is not cognizant of the fact that in order to meet the deadline of a statute of limitations a complaint must be filed with a court.

Fed.R.Civ.P. 3 provides: "A civil action is commenced by filing a complaint with the court." Consequently, filing a letter of complaint with Olympic Airways does not fulfill the requirements of commencing an action for the purposes of a statute of limitations.