**George KING and Judy King, Plaintiffs,**

v.

**AMERICAN AIRLINES, INC.; Flagship Airlines, Incorporated; AMR Corporation, AMR Eagle Holding Corporation; and American Eagle Airlines, Inc., Defendants.**

No. 00–CV–1139.

United States District Court, N.D. New York.

May 2, 2001.

Robert N. Isseks, Middletown, NY, for plaintiffs.

Renzulli & Rutherford, LLP, New York City, NY, for defendants, David S. Rutherford, Lewis R. Silverman, of counsel.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

On July 24, 2000, plaintiffs George King and Judy King (collectively, "plaintiffs") commenced the instant action against defendants American Airlines, Inc., AMR Corporation, AMR Eagle Holding Corporation, American Eagle Airlines, Inc., and Flagship Airlines, Inc. (collectively, "defendants") pursuant to 42 U.S.C. § 1981, and asserting ten causes of action pursuant to Section 1981 the U.S. Constitution, and state law. Plaintiffs filed an amended complaint on August 7, 2000. Defendants answered the amended complaint on September 5, 2000, and asserted twenty-one affirmative defenses.

Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs oppose. Oral argument was heard on March 23, 2001, in Albany, New York. Decision was reserved.

## II. FACTS

This action arises from the alleged discrimination against the plaintiffs by defendant Flagship Airlines. The following are the pertinent facts as stated in the light most favorable to the non-moving plaintiffs.

On July 26, 1997, plaintiffs were ticketed passengers on American Airlines Flight # 1819 from JFK International Airport in New York City, to Miami International Airport. Upon arrival in Miami, plaintiffs were scheduled to connect on Flagship

Airlines Flight # 5777 to Freeport, Grand Bahama. Due to overbooking, they were requested by representatives of Flagship Airlines to take a later connecting flight. When they refused, they were made "involuntary volunteers" (Complaint ¶ 21), and denied boarding. Plaintiffs were one of only two sets of passengers denied boarding due to the overbooking (a practice colloquially known as "bumping"). Plaintiffs, who are African–American, claim that the decision to "bump" them was based on their race.

## III. *STANDARD OF REVIEW*

### A. *Judgment On the Pleadings*

 The standard of review for the other defendants' motion pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion pursuant to Rule 12(b)(6). *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998). In deciding a Rule 12(c) motion, a court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint 'unless it appears beyond a reasonable doubt that the [plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir.1995). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *See, e.g., Clapp v. Greene*, 743 F.Supp. 273, 276 (S.D.N.Y.1990); *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir.1988).

## IV. *DISCUSSION*

 The issue on this motion is whether or not the conduct alleged falls within the scope of the Warsaw Convention (the "Convention"). The Convention provides the exclusive remedy for injuries incurred during transportation in which, "according to the contract made by the parties, the place of departure and the place of destination ... are situated ... within the territories of two High Contracting Parties."[1] It is undisputed that, because the United States and the Bahamas are both "High Contracting Parties," the plaintiffs had contracted with defendants for transportation to which the Convention applies.

Defendants contend that because the Convention applies to the instant action, plaintiffs' action must be dismissed because it was not commenced within the two-year statute of limitations applicable to actions under the Convention.[2] Plaintiffs argue in opposition that actions for discriminatory "bumping" do not fall within the scope of the Convention, and accordingly, this action was timely filed within the three-year statute of limitations applicable to actions under 42 U.S.C. § 1981. Because plaintiffs' claims *do* fall within the scope of the Convention's provisions, defendants' motion for judgment on the pleadings must be granted.

---

[1] Citations in this opinion are to the official English translation of the Convention. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000–3023, *reprinted in* 49 U.S.C. § 40105 *et seq.*

[2] Under the Convention, plaintiffs' action had to be commenced within two years of the "date on which the aircraft ought to have arrived," which was on or about July 26, 1997. To be timely, this action would have had to have been commenced on or before July 26, 1999. It was not commenced until July 24, 2000.

■ The Convention provides the exclusive remedy for conduct which falls within the scope of its provisions. *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). There are three types of activities to which liability attaches under the Convention. These are claims based on personal injuries (Article 17), lost or damaged luggage (Article 18), and damages due to delays in transportation (Article 19). Article 24 of the Convention provides that, "[i]n the carriage of passengers and baggage, any action for damages, *however founded,* can only be brought subject to the conditions and limitations set out in this Convention." (Emphasis added.)

Article 19 of the Convention provides that "The carrier shall be liable for damage occasioned by delay in the transportation by air of passengers, baggage, or goods." This provision has generally been interpreted to apply to claims arising from the "bumping" of passengers. *See, e.g., Yanovskiy v. Air France,* 1998 WL 305648 (S.D.N.Y.1998). However, there is a line of cases originating in the Seventh Circuit which holds that Article 19 only applies to claims for damages flowing from the delay caused by bumping, and does not apply to claims based on the act of "bumping" itself. *Wolgel v. Mexicana Airlines,* 821 F.2d 442 (7th Cir.1987). Under this view, a cause of action for "bumping" based upon an improper motive (such as racial discrimination) may be maintained because it is not "damage occasioned by delay in the transportation by air of passengers, baggage, or goods" within the meaning of Article 19.

*Wolgel* predates the amendments to Article 24 that adopted the above-quoted language establishing that "any action for damages, however founded, can only be brought subject to the conditions and limitations set out in this Convention." In light of these changes, and the Supreme Court decision in *Tseng,* which holds that the Convention preempts state and federal laws based on conduct which falls within the "substantive scope" of its Articles, *see Cruz v. American Airlines, Inc.,* 193 F.3d 526, 531 (D.C.Cir.1999) (quoting *Tseng,* 525 U.S. at 172, 119 S.Ct. 662), it appears as though the holding in *Wolgel* rests upon an unduly restrictive view of the Convention's preemptive effects.

■ After the Supreme Court decision in *Tseng,* it is clear that the application of the Convention is not to be accomplished by a miserly parsing of its language. *See Brandt v. American Airlines,* 2000 WL 288393, *6 (N.D.Cal.2000). Instead, the relevant inquiry is whether or not the particular cause of action is based upon conduct which falls within the "substantive scope" of the Convention. *Tseng,* 525 U.S. at 172, 119 S.Ct. 662.

■ Under this analysis, the plaintiffs' claims based on the alleged "discriminatory bumping" in this case are within the "substantive scope" of Article 19. Article 19 applies to "delay in the transportation by air of passengers." It is clear that "bumping" falls within the substantive scope of this provision. *See Yanovskiy,* 1998 WL 305648 at *3 (citing cases). Plaintiffs' arguments, based upon the distinction between "bumping" and "discriminatory bumping," fails because both types of action predicated upon the same conduct—"bumping"—which admittedly falls within the substantive scope of Article 19. This is so because both types of claims are based upon the "delay" of passengers.

## V. CONCLUSION

As provided in Article 24, an action for "bumping" (discriminatory or otherwise), "however founded, can only be brought subject to the conditions and limitations" provided under the Convention, and plain-

tiffs' claims must be dismissed because they were not commenced within the two-year statute of limitations provided for under the Convention.

Therefore, it is hereby

ORDERED that

1. Defendants' motion for judgment on the pleadings is GRANTED; and

2. The complaint is DISMISSED.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.